[No. 35009.   Department One.   May 12, 1960.]

H. T. HARSTAD *et al.*, *Respondents*, v. JAMES I. METCALF *et al.*, *Appellants*.[1]

[1] Reported in 351 P. (2d) 1037.

*Max R. Nicolai,* for appellants.

*Johnson, Jonson & Inslee,* for respondents.

MALLERY, J.—This is an action for an accounting upon the dissolution of a partnership. Appellant James I. Metcalf is an electrical engineer. Respondent H. T. Harstad is a civil engineer. They orally formed a professional engineering partnership in 1950. The professional services were largely performed for municipal corporations on sanitary, hydro-

electric and drainage projects. The partnership business had an unusual aspect in that such projects required preliminary studies, plans, and estimates of costs before their feasibility could be determined. Accordingly, the partnership customarily invested substantial amounts on preliminary matters from which the partnership could profit only after the projects were approved and engineering contracts let. Sometimes a considerable time elapsed between their initial investment in time and money and the execution of a binding contract for their services. Indeed, projects were sometimes abandoned with a resulting loss of the partnership investment.

It was the practice of each partner to charge the partnership account for the professional services rendered by him on preliminary studies at the rate of five dollars an hour. This was paid out of partnership funds whether a contract was ultimately executed or not.

Appellant had organized a corporation to hold his personal property. It later acquired an agency from the English Electric Company, a manufacturer of large hydroelectric turbines, generators, transformers, and other equipment used in hydroelectric power projects. Respondent invested some money in the Metcalf corporation, but was not satisfied with less than a fifty per cent interest therein, which appellant would not permit him to acquire. Respondent gave appellant three alternatives: (1) That the Metcalf corporation give up the agency with the English Electric company so that appellant could devote himself exclusively to the partnership business, (2) that respondent be allowed to buy fifty per cent of the corporation stock, or (3) that the partnership be dissolved. Appellant elected to dissolve the partnership.

The partners divided the office supplies, office space, employees, and other things capable of physical division. The telephone number went to respondent on the flip of a coin. Respondent undertook the completion of partnership projects and maintained the partnership bank account for that purpose. Appellant was not satisfied with the accounting respondent rendered in August, 1955, in which he had asked

for a contribution of $5,291.98 in order to liquidate partnership losses. Upon appellant's refusal to contribute, respondent commenced this action for an accounting.

After commencement of the action, the parties entered into a stipulation as to the issues before the court and the matters for which an accounting was to be made. The stipulation presented certain matters of law and fact to the court for decision. The parties have never changed the stipulation or attempted to do so. Therefore, its terms continued to be binding upon them. *Cf. State ex rel. Carroll v. Gatter,* 43 Wn. (2d) 153, 260 P. (2d) 360.

The court referred the accounting to a referee. Appellant, being aggrieved with the account rendered, has appealed.

Appellant contends that he is entitled to have his partnership interest evaluated and paid for as of the date of the dissolution of the partnership. We do not agree. The parties elected to divide the partnership assets and windup the existing business. Each was to continue his own individual engineering business thereafter. Appellant is entitled only to his share of the profits and losses as they are made to appear at the end of the accounting.

Appellant contends that respondent refused to produce all the books and accounts required by himself; that respondent breached his fiduciary duty to the partnership by commingling partnership and personal assets, and that the accounting should have contained an item for good will for which he is entitled to be paid. Again, we do not agree.

Appellant has no right to a fishing expedition in respondent's private affairs. *Hardman v. Brown,* 153 Wash. 85, 279 Pac. 91. The trial court procured the production of all records that have been shown to be pertinent to the accounting.

Each partner is continuing his own engineering business after a division of the assets of the former partnership. Accordingly, there is no good will accruing to respondent's business for which appellant is entitled to be paid. His contention to the contrary is without merit. *Cf. Kalez*

*v. Miller,* 20 Wn. (2d) 362, 147 P. (2d) 506; *Pollock v. Ralston,* 5 Wn. (2d) 36, 104 P. (2d) 934.

■ Appellant contends he is entitled to one half of the net profits, if any, realized on the completion of projects which were commenced or planned prior to the dissolution of the partnership. This contention has merit.

It appears from the stipulation, heretofore referred to, that some of the twenty-eight projects named therein may fall within this category. In the court's order of reference, it subjected to an accounting only those projects of the twenty-eight named in the stipulation for which contracts had been let prior to the dissolution of the partnership. This was erroneous because the reference should have also included any other of the twenty-eight projects for which contracts were secured after the dissolution. The twenty-eight projects set out in the stipulation must, therefore, be re-examined to determine which, if any, of those included in the referee's accounting had had substantial partnership funds invested in them that have become the subject of contracts since the dissolution.

This ruling is predicated upon RCW 25.04.420 which provides, *inter alia,* that the withdrawing partner is entitled, "at his option" and "in lieu of interest," to "the profits attributable to the use of his right in the property of the dissolved partnership." Appellant is entitled to share in the profits or losses attributable to the use of partnership plans in subsequent projects.

■ The test of a partnership asset, in any particular plan herein which requires that an accounting be made upon it, is whether or not the partners had been paid substantial sums at the rate of five dollars an hour for their labor on the project, or their office help had been paid out of partnership assets for substantial labor performed thereon. Profits and losses on any of the excluded twenty-eight projects which meet this test should be divided between the partners.

Accordingly, the judgment is affirmed in all matters, except that such of the twenty-eight projects set out in the stipulation which were not included by the referee in

his report are remanded to the trial court with directions to re-examine them. If any of the projects meet the test prescribed herein, there should be another reference to ascertain and report what profit or loss resulted therefrom. Neither party shall recover costs.

DONWORTH, OTT, and HUNTER, JJ., concur.

WEAVER, C. J., concurs in the result.

