258 A.2d 793.

ADRIEN LESSARD *vs.* NEW HAMPSHIRE INSURANCE
COMPANY.

NOVEMBER 18, 1969.

PRESENT: Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a civil action to recover damages for
personal injuries allegedly caused by the negligent opera-
tion of a motor vehicle owned by one Louise J. Palumbo
and being operated by one Francis D. Palumbo, both of
whom were uninsured. The plaintiff was insured in a policy
of liability insurance issued by the defendant carrier which

policy contains defendant's promise[1] to be responsible for damages sustained by its insured caused by an uninsured motorist as required by G. L. 1956, §27-7-2.1.

Subsequent to the filing of the complaint and summons, defendant carrier moved to dismiss on the ground that the action was barred by §9-1-14, which provides that all actions for personal injuries shall be commenced and sued within two (2) years next after the cause of action shall accrue, and not after.

The record establishes that defendant became contractually bound on October 18, 1965, and plaintiff was injured on the following day, namely, October 19, 1965. The instant action was commenced on June 29, 1968, some 32 months after the motor vehicle accident in which plaintiff was injured.

The Superior Court justice before whom the motion to dismiss was heard concluded that the action was one for personal injuries within the meaning of §9-1-14, and granted defendant's motion to dismiss. From the judgment entered pursuant to this decision, plaintiff seasonably appealed to this court.

In support thereof, he argues that the Superior Court justice erred in that he failed to realize that plaintiff, although seeking to recover money damages for personal injuries, based his claim thereto on defendant's promise to

---

[1]"Damages for Bodily Injury Caused by Uninsured Automobiles: The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this endorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration."

pay, which, he further argues, is an action on a contract that is governed by §9-1-13, as amended by P. L. 1965, chap. 55, sec. 6. It provides:

> "Except as otherwise specially provided, all civil actions shall be commenced within six (6) years next after the cause of action shall accrue, and not after."

In thus contending that the trial justice applied the wrong statute of limitations, plaintiff stresses said justice's reliance on the holding of this court in *Luft* v. *Factory Mutual Liability Ins. Co. of America,* 51 R. I. 452, 155 A. 526.

That case was a direct action against the insurance company on whose insured plaintiff was unable to obtain service. We held that, while by the terms of now G. L. 1956, §27-7-1, the legislature had authorized direct action by an injured person against the tortfeasor's insurance company when process against the insured was returned non est inventus, it was not the legislature's intention to impose upon the insurer a liability distinct from the liability of the insured to the injured party. Hence, the statute of limitations applicable in an action by the injured person against the tortfeasor would be the applicable statute in a direct suit against the insurer.

Clearly then, plaintiff argues, the *Luft* case is not in point since the instant action is predicated on defendant's contractual obligation to plaintiff. The controlling case here, he contends, is *Commerce Oil Refining Corp.* v. *Miner,* 98 R. I. 14, 199 A.2d 606, wherein this court carefully considered and analytically discussed the scope of §9-1-14, providing for a two-year limitation on actions for personal injuries. Additionally, plaintiff cites a number of cases from other jurisdictions.

The defendant argues, however, that these cases from other jurisdictions on which plaintiff relies largely turn on the distinction to be found in the applicable statutes of

the respective states and the construction given to §9-1-14, in *Griffin* v. *Woodhead,* 30 R. I. 204, 74 A. 417, and, indeed, in *Commerce Oil Refining Corp.* v. *Miner, supra,* relied on by plaintiff. Thus, defendant argues, the cases from other jurisdictions offer no assistance.

What defendant most vigorously contends, in effect, is that the uninsured motorist protection of §27-7-2.1,[2] requires a legislatively mandated contractual obligation by a carrier to its insured to be directly responsible in damages for personal injuries sustained by its insured through the negligence of an uninsured or hit-and-run motorist, but that this contractual obligation gives the insured no greater right than he would have against the tortfeasor. In this sense then, defendant submits, the reasoning in *Luft* v. *Factory Mutual Liability Ins. Co. of America, supra,* has persuasive force in the case at bar. Stated otherwise, defendant urges that since an action by plaintiff against the Palumbos would be admittedly one for personal injuries, the instant action, although authorized by contract, is likewise an action for personal injuries and limited by §9-1-14.

In their oral arguments and briefs, the parties expounded in detail what we have thus briefly summarized. However, there are circumstances present which, for the purpose of passing on the instant appeal, persuade us to forego a consideration of whatever merit there may be in their respec-

---

[2]"No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in §31-31-7 as amended, under provisions approved by the insurance commissioner. for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom, provided that the named insured shall have the right to reject such coverage."

tive positions. It appears from the record that plaintiff commenced an action for personal injuries against the Palumbos within the prescribed two-year period. Asked by us in the course of their oral arguments whether this action was still pending, counsel replied in the affirmative.

This has significance because it establishes that the contractual obligation of plaintiff under his policy with defendant, to do everything necessary that the latter might require in the preservation of its right to subrogation, has not been impaired. Thus, defendant is not deprived of rights it possesses under the insurance contract and, such being the case, we perceive no reason for denying to plaintiff the right to maintain the instant action, it having been commenced within the six-year period generally applicable under §9-1-13.

So holding, we do not reach nor consider and leave for some later case the question, should it arise, whether an insured injured by the alleged negligence of an uninsured or hit-and-run motorist may delay commencing a civil action against his own insurer or the tortfeasor within the two-year period of limitation, but, thereafter having lost the right to hold the tortfeasor answerable in damages, nevertheless may successfully maintain an action against his insurer, provided such latter action was brought within the six-year period prescribed for civil actions generally.

The plaintiff's appeal is sustained, judgment appealed from reversed and the case is remitted to the Superior Court for further proceedings.

Motion for reargument denied.

ROBERTS, C. J., did not participate.

*James P. Flynn, Joseph F. Vitullo,* for plaintiff.

*Roberts & McMahon, Richard P. McMahon, William F. McMahon,* for defendant.