467 P.2d 76

**Reggie BACCHUS and Helen Bacchus, husband and wife, Appellants,**

v.

**FARMERS INSURANCE GROUP EXCHANGE, Appellee.**

**No. 2 CA–CIV 674.**

Court of Appeals of Arizona, Division 2.

March 26, 1970.

Rehearing Denied May 4, 1970.

Review Granted June 2, 1970.

Russo, Cox & Dickerson, by Vernon F. Dickerson, Tucson, for appellants.

Chandler, Tullar, Udall & Richmond, by D. B. Udall, Tucson, for appellee.

HATHAWAY, Judge.

On April 7, 1967 appellants suffered severe and permanent personal injuries as the result of an automobile accident caused by an uninsured motorist. Pursuant to their policy with Farmers Insurance Group Exchange, the appellants' claims were submitted to an arbitrator through the American Arbitration Association.

On April 16, 1968 the arbitrator awarded the sum of $8,200 to the appellant Reggie T. Bacchus and the sum of $10,000 to the appellant Helen V. Bacchus. The arbitrator provided in the award that the sums awarded were exclusive of any rights to recover under the medical pay portion of the policy.

Farmers refused to exclude the medical payments as provided in the award. Appellants, therefore, brought this lawsuit asking the superior court to confirm the arbitrator's award. Farmers contended that the arbitrator did not have authority to set off the previously paid medical expenses against the amount due under the uninsured motorist coverage.

The parties stipulated that the court needed to hear evidence only on the issue of whether the determination of the arbitrator was conclusive. They further stipulated that an affirmative conclusion was dispositive, but a negative conclusion required the court to also determine the issue concerning the set off of medical payments.

The matter was tried to the court, sitting without a jury, and the court found against the plaintiffs finding that Farmers "did not intend to submit to the arbitrator the issue of interpretation of the policy concerning deduction of payments already made, and therefore the court finds that such issue was not submitted to the arbitrator."

Plaintiffs appeal from the adverse judgment contending first that the medical pay

**2**

set off issue was submitted to the arbitrator and that he was authorized to make an award. The applicable arbitration provision in the policy provides:

"In the event the insured and the company do not agree that the insured is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle under this Part II (Uninsured Motorist Coverage) or do not agree as to the amount of payment which may be owing hereunder, then, upon written demand of either, the matter or matters upon which the insured and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon an award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The insured and the company each agree to consider itself bound by any award made by the arbitrator(s) pursuant to this Part II."

Resolution of two areas of potential disagreement by arbitration is contemplated by the foregoing provisions:

(1) Whether the insured is legally entitled to recover damages from the uninsured motorist.

(2) The amount which may be owing.

■ An arbitrator's authority is generally circumscribed by the agreement from which his power to act is derived. 6 C.J.S. Arbitration and Awards § 48, p. 190. The testimony is conflicting concerning the intent of the parties on submission of the question of offset and medical payments. Their intent as expressed in the quoted provision supports the trial court's finding as does testimony, though conflicting.

■ We have recently dealt with the second question raised on this appeal inquiring into the validity of the provision requiring a set off of medical payments against the uninsured motorist coverage in Caballero v. Farmers Insurance Group, 10 Ariz.App. 61, 455 P.2d 1011, where we stated:

"While offsets attempting to reduce mandatory coverages will not be permitted, there is nothing to prevent the insurer and a person desiring to have medical expenses insurance from employing any provisions with respect to the payment or non payment of these benefits which they choose." 455 P.2d at 1014

The difference of an uninsured provision in this instance as compared with the liability provision in *Caballero* is of no consequence.

Judgment affirmed.

KRUCKER, J., and LAWRENCE GALLIGAN, Judge of the Superior Court, concur.

NOTE: Judge LAWRENCE HOWARD having requested that he be relieved from consideration of this matter, Judge LAWRENCE GALLIGAN was called to sit in his stead and participate in the determination of this decision.