507 P.2d 693

**TRANSNATIONAL INSURANCE COMPANY, Appellant,**

v.

**Larry W. SIMMONS, Appellee.**

**No. 1 CA–CIV 2107.**

Court of Appeals of Arizona,
Division 1.

March 15, 1973.

Rehearing Denied April 18, 1973.

Review Denied May 15, 1973.

Jennings, Strouss & Salmon by William T. Birmingham and M. Byron Lewis, Phoenix, for appellant.

Edward L. Hohn, Phoenix, for appellee.

HOWARD, Judge.

On November 5, 1966, the appellee sustained personal injuries which resulted from an automobile collision with a car being driven by an uninsured motorist. On December 1, 1967, appellee notified his insurance company, the appellant, that he was making a claim under the uninsured motorist coverage of his policy. This policy provided, *inter alia,* that:

> "The company will pay all sums which the insured . . . shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, . . . sustained by the insured, caused by accident and arising out of the ownership, . . . or use of such uninsured automobile; . . ."

The policy further provided that if the insured and the appellant could not agree on

the amount to be paid, it would be determined by arbitration.

On April 6, 1968, the appellee's attorney sent a letter to an adjustment agency which represented appellant in the Phoenix area, advising it of the claim. Approximately six weeks later the adjustment agency sent appellee's attorney a letter indicating that it was representing appellant and acknowledging notice of the claim. On October 31, 1968, appellee's attorney, by registered mail, return receipt requested, transmitted to appellant, the adjustment agency, and the attorney for appellant, a demand for arbitration and for the appointment of arbitrators. When appellant refused to appoint arbitrators, a court order was obtained compelling the appointment of arbitrators. On February 1, 1972, the arbitrators rendered their decision in appellee's favor in the amount of $8,900 which included a claim of the United States in the amount of $2,835.

Numerous demands were made by appellee upon the appellant to pay the award. Appellant's refusal to do so prompted the filing of this action pursuant to A.R.S. § 12–1511 et seq., for court confirmation of the award and a judgment thereon. The trial court confirmed the award and entered judgment for the amounts found by the arbitrators.

■ Appellant claims the trial court erred in not ruling that appellee's claim is barred by the two-year statute of limitations, A.R.S. § 12–542, which applies to personal injury actions, since appellee did not file a petition for an order directing arbitration until two and one-half years after the accident occurred. Appellant has not favored this court with any authority to support its position although there are cases directly on point dealing with the subject matter. States such as Arizona which have no specific statute of limitations dealing with uninsured motorist claims have uniformly held, in claims not involving wrongful death, that the statute of limitations pertaining to written contracts governs a claim by insureds under

the uninsured motorist coverage. Hartford Accident Indemnity Company v. Holada, 127 Ill.App.2d 472, 262 N.E.2d 359 (1970); Thomas v. Employers Mutual Fire Insurance Company, 253 La. 531, 218 So.2d 584 (1968); Booth v. Fireman's Fund Insurance Company, 253 La. 521, 218 So.2d 580 (1968). Cf. Schulz v. Allstate Insurance Company, 17 Ohio Misc. 83, 46 Ohio O.2d 109, 244 N.E.2d 546 (1968); Hill v. Seaboard Fire & Marine Insurance Company, 374 S.W.2d 606 (Mo.App.1963); Lessard v. New Hampshire Insurance Company, 106 R.I. 275, 258 A.2d 793 (1969); Schleif v. Hardware Dealer's Mutual Fire Insurance Company, 218 Tenn. 489, 404 S.W.2d 490 (1966); Sahloff v. Western Casualty & Surety Company, 45 Wis.2d 60, 171 N.W.2d 914 (1969); Widiss, A Guide To Uninsured Motorist Coverage, § 2.25; see also, Annot. 28 A.L.R.3d 580 (1969).

■ The purpose of our uninsured motorist statute, A.R.S. § 20–259.01, is to afford protection to insureds when they become the innocent victims of the negligence of uninsured motorists. The uninsured motorist coverage provided by the insurance policy pursuant to our statutes closely resembles policies of insurance which reimburse an insured for medical expenses. Without the policy provision there would be no claim against the company and it is apparent that the limitation applicable should be that pertaining to written agreements. Hartford Accident & Indemnity Company v. Mason, 210 So.2d 474 (Fla.App.1968). Under A.R.S. § 12–548, as amended, a cause of action for debt, evidenced or founded upon a written agreement must be brought within six years after the cause of action accrues. Appellee's claim was well within that period.

■ Appellant also urges that the phrase in its policy "legally entitled to recover" requires an insured to establish every element of a claim for relief in tort and that the timely filing of a suit within a two-year period of limitations is such an element. We do not agree. The words

"legally entitled to recover" simply mean that the insured must be able to establish fault on the part of the uninsured motorist which gives rise to damages and must prove the extent of those damages. Booth v. Fireman's Fund Insurance Company, supra.

■ The sum of $2,835 awarded to the United States was its claim for recovery under 42 U.S.C. § 2651 which provides:

" . . .

 (a) In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment . . . to a person who is injured . . . under circumstances creating a tort liability upon some third person . . . to pay damages therefor, the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished . . . and shall, as to this right to be subrogated to any right or claim that the injured . . . person . . . has against such third person to the extent of the reasonable value of the care and treatment so furnished . . . "

The appellant argues that the right to recover under 42 U.S.C. § 2651 rests wholly upon the provisions of the Act which give a right of action solely against the third person tortfeasor, or, as in this case, the uninsured motorist, and that since appellant is not such a third person tortfeasor, it is without liability. This argument misapprehends that the right to recover for medical expenses does not rest wholly on the Federal Medical Recovery Act. The uninsured motorist coverage provisions of the appellant's insurance policy define the "Insured" as:

"(1) The named insured as stated in the policy . . . and any person designated as named insured in the schedule and, while residents of the same household, the spouse of any such named insured and relatives of either;

(2) any other person while occupying an insured automobile; and

(3) *any person, with respect to damages he is entitled to recover because of bodily injury to which this endorsement applies sustained by an insured under (1) or (2) above.*" (Emphasis added.)

Under subparagraph (3) of the policy the United States is "an insured" and is entitled to payment. Government Employees Insurance Company v. United States, 376 F.2d 836 (4th Cir. 1967); Government Employees Insurance Company v. United States, 349 F.2d 83 (10th Cir. 1965) cert. denied, 382 U.S. 1026, 86 S.Ct. 646, 15 L.Ed.2d 539 (1966); United States v. Commercial Union Insurance Group, 294 F.Supp. 768 (S.D.N.Y.1969); United States v. Hartford Accident & Indemnity Company, 320 F.Supp. 648 (E.D.Cal.1970). *See also*, United States v. Allstate Insurance Company, 306 F.Supp. 1214 (N.D. Fla.1969); Annot. 7 A.L.R.Fed. 289, 319.

Appellant lastly asserts that the arbitrators were without authority to enter any award relating to the claim of the United States since it did not appear in the arbitration proceedings by government counsel or by any special assistant attorney general. To counter this allegation the appellee filed in the trial court an affidavit of an Air Force captain claiming that appellee's attorney had the authority to pursue the claim for and on behalf of the federal government. While we may entertain some doubt as to the adequacy of the affidavit, we have no doubt as to appellant having failed to properly carry its burden of proof on this issue in the lower court.

■ A.R.S. § 12–1512 limits the grounds upon which the court can decline to confirm an award. The only statutory ground that could conceivably be applicable in this case is that found in subparagraph (3) of the foregoing statute which states that the court can decline to confirm the award where the "arbitrators exceeded their powers". The powers of the arbitrators are defined by the submission agreement. 6

C.J.S. Arbitration and Award § 48 (1937). There is a legal presumption, unless the contrary appears, that the arbitrators pursue the submission and decide only the matters contained therein and also that they decide all matters submitted to them. Fazio v. Employers' Liability Assurance Corporation, Ltd., 347 Mass. 254, 197 N.E. 2d 598 (1964); 6 C.J.S. Arbitration and Award § 130 (1937).

 It was incumbent upon appellant to demonstrate to the trial court that the issue of the amount due the United States was not submitted by the parties for arbitration. The appellant did not do so and we presume, therefore, that it submitted such issue for arbitration.[1] Appellant cannot ask that a matter be arbitrated and then later complain that the arbitrators exceeded their powers when they considered the same. Appellant cites the case of Carrington v. Vanlinder, 58 Misc.2d 80, 294 N.Y.S.2d 412 (1968), for the proposition that the United States must be a party to the arbitration proceeding. We find the case inapposite. *Carrington* involved a suit against a third-party tortfeasor in the state court under the Medical Care Recovery Act, 42 U.S.C. §§ 2651 through 2653. The arbitration in this case, as we have previously stated, was principally on the terms of the policy and not under the Medical Care Recovery Act. Furthermore, the appellant has never attacked the jurisdiction of the court to enter its confirmation and judgment on the basis that the United States was not made a party to the *instant* proceedings. It has only asserted that the United States should have appeared as a party in the arbitration proceeding.

Affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

---

1. Appellant does not contend that the amount due the United States was never submitted to the arbitrators.