509 P.2d 240

**VERDEX STEEL AND CONSTRUCTION COMPANY, Appellant,**

v.

**BOARD OF SUPERVISORS, MARICOPA COUNTY, Arizona, acting for Board of Education of Chandler High School District and Glenn A. McCollum, Appellees.**

No. 1 CA–CIV 1867.

Court of Appeals of Arizona,
Division 1,
Department A.

April 26, 1973.

548

Strong & Pugh, by William K. Strong, Phoenix, for appellant.

Moise E. Berger, Maricopa County Atty., by Albert I. Firestein, Deputy County Atty., for the Board of Supervisors of Maricopa County and for The Board of Education of the Chandler School District.

Porter, Stahnke & Phillips, by Bernald C. Porter, Tempe, for appellee McCollum.

STEVENS, Judge.

A board of arbitrators entered two awards arising out of a single arbitration proceeding. One of the successful parties filed a suit to confirm the award and one of the defendants filed a third-party claim to confirm that portion of the award which was entered in favor of the third-party plaintiff. The award in favor of the plaintiff was paid and is not in issue. The trial court declined to confirm the award in favor of the third-party plaintiff and this appeal followed.

The appellee, Glenn C. McCollum, is a registered architect. Through the Board of Supervisors of Maricopa County, he entered into a contract for design and other services relating to the construction of a gymnasium for the Chandler High School District. Upon the opening of the bids the appellant, Verdex Steel & Construction Company, a corporation, was awarded the construction contract which included the fabrication and erecting of steel arches.

The Glens Falls Insurance Company was the surety on the Verdex construction bond. Verdex awarded Bart Del Duca Masonry Contractor, Inc., a corporation, the subcontract to do the masonry work.

The McCollum-School District contract contained an arbitration clause. The Verdex-School District contract contained an arbitration clause in a contract drawn on the standard American Institute of Architects form. McCollum prepared the Verdex-School District contract but was not a signatory thereof.

On 17 October 1963, during the process of construction, three steel arches then in place above the floor of the building collapsed. Needless to say, problems arose out of this construction failure, including suits filed by three of the Verdex employees seeking damages against the School District and McCollum.

Verdex was instrumental in initiating arbitration arising out of this collapse. It designated Charles R. Magadini, a structural engineer, as its arbitrator. There was an extensive exchange of correspondence between the parties. Initially McCollum took the position that there was no contractual obligation which required him to arbitrate with Verdex. The proposed arbitration date was continued from time to time. Finally upon the recommendation of W. T. Hamlin,[1] after consultation between McCollum's attorney and the School District attorney, a second arbitrator was designated, being Robert E. Franklin of Los Angeles, a structural engineer. Together the two designated arbitrators selected Phoenix businessman Theo Jablonski as a third arbitrator. There was no writing by which McCollum expressly consented to arbitrate. His attorney was interested in the use of the arbitration proceedings as a discovery device in relation to the pending civil suits filed by the three Verdex employees.

The arbitration proceeding commenced on 1 November 1965 and consumed two days. Forty-seven pages of the 587-page transcript are devoted to the Del Duca claim and the balance to the dispute between Verdex on the one hand and McCollum, together with his principal, the School District, on the other. McCollum's participation was extensive. At no time in the arbitration proceedings did he disavow that he was an active participant willing to be bound by the arbitrators' award.

It was made clear during the arbitration proceedings that the Board of Supervisors was not a party to the arbitration proceedings.

A reading of the reporter's transcript of the arbitration proceedings discloses a very knowledgeable and unbiased hearing. The rulings on evidence were sound. We do not have the benefit of the exhibits which were presented to the board of arbitration or the benefit of the Hamlin deposition presented to the board as it was stipulated that all documents be returned to the respective counsel after the award of the arbitrators was entered.

The unanimous award of the arbitrators recited certain fact findings and concluded:

> "*Claim No. 1:* To Bart Del Duca Masonry Contractor, Inc.
>
> *Against:* Verdex Steel & Construction Co., and to Insurer, the Glens Falls Insurance Company with no recourse against Glenn A. McCollum and the Chandler High School District
> $4,323.16
>
> "*Claim No. 2:* Verdex Steel & Construction Co.
>
> *Against:* The Board of Education of Chandler High School District and Glenn A. McCollum with no recourse

---

1. The reporter's transcript of the trial spells the name as "Hamlin" and the reporter's transcript of the arbitration proceeding spells this name as "Hamlyn". Hamlin is the design engineer who McCollum employed to prepare the specifications for the steel arches which were to be used in the building.

against the Board of Supervisors of Maricopa County, Arizona

$4,484.12"

Del Duca sued Verdex and Glens Falls to confirm the award entered in that company's favor and Glens Falls paid Del Duca.

In the same civil action Verdex filed a third-party claim against the Board of Supervisors, the School District and McCollum seeking to confirm the award entered in favor of Verdex. McCollum answered and pleaded that he was not obligated to arbitrate and that he did not consent to arbitrate. The trial court entered its judgment as follows:

"This case, having come on for trial on the Third Party Complaint (Third Party Petition for Confirmation of Award of Arbitrators and for Judgment of Award) and having been under advisement, and the Court having considered the evidence presented and the law cited, finds that the Defendant McCOLLUM did not consent to and did not take part in the arbitration proceedings and that the arbitrators exceeded their powers in arriving at the award against the Third Party Defendants to this action, therefore,

"IT IS ORDERED that the Third Party Petition for Confirmation of Award of Arbitrators is denied, and that Judgment of Award is denied; and that the Third Party Defendants have judgment thereon and for their costs herein incurred."

It is this judgment which is before us on appeal.

## BOARD OF SUPERVISORS

█ The entire record discloses that the Board of Supervisors executed the construction contract for and on behalf of the School District, that otherwise it was not a party to the contract, that it did not agree to arbitrate and that it made that fact crystal clear during the arbitration proceedings. We affirm the judgment of the trial court insofar as that judgment determines that there is no liability on the part of the Board of Supervisors. Roeder v.

Huish, 105 Ariz. 508, 467 P.2d 902 (1970), recognized the privilege of urging this defense in a suit to confirm an award of a board of arbitration where a proper foundation for that defense has been preserved. In Bacchus v. Farmers Insurance Group Exchange, 12 Ariz.App. 1, 467 P.2d 76 (1970), the Court of Appeals upheld the trial court in its findings that the matter in dispute before the Court was not the subject of the arbitration proceedings. Thus, it is not every award of arbitrators which is immune from being questioned in the judicial review thereof. We recognize that the Court of Appeals opinion in Bacchus was vacated on review by our Supreme Court in a case by the same name reported at 106 Ariz. 280, 475 P.2d 264 (1970), of which we comment later in this opinion. We concur with the reasoning of the Court of Appeals, an issue expressly not decided on review.

## McCOLLUM

The appeal to this Court included the judgment in favor of McCollum. McCollum appeared in this Court and did not file a brief, nor did he join in the brief of the School District. We have reviewed the record made before the board of arbitration and the record made in the Superior Court. There is clearly, at a minimum, a debatable issue as to whether McCollum participated in the arbitration proceedings to the extent that he is bound by the award of the arbitrators. Under A.R.S. § 12-1512, subsec. A, par. 5, one who is not bound by contract to arbitrate and who voluntarily participates in an arbitration proceeding, without making a clear record of non-participation in the binding effects of the arbitration, is bound by the award to the same extent and under the same conditions as a party to a written agreement to arbitrate.

█ Where there is an absence of a debatable question, we do not hesitate to affirm, even in the absence of an answering brief. Air East, Inc. v. Wheatley, 14 Ariz.App. 290, 482 P.2d 899 (1971). On the other hand, where debatable questions

appear, the failure to file an answering brief is taken as a confession of error and we do not hesitate to reverse. United Bonding Insurance Company v. Thomas J. Grosso Investment, Inc., 4 Ariz.App. 285, 419 P.2d 546 (1966) and Arizona Tank Lines, Inc., v. The Arizona Corporation Commission, 13 Ariz.App. 19, 473 P.2d 821 (1970). For these reasons, fortified by the reasons for our holding in favor of Verdex, we reverse the judgment in favor of McCollum with directions to confirm the award which was entered in favor of Verdex and against McCollum.

## VERDEX

In 1962 Arizona adopted the Uniform Arbitration Act which is now A.R.S. § 12–1501 through § 12–1517. In our opinion the pre-Arizona Supreme Court opinions on arbitration awards, and the Court review thereof, while they declare a policy in favor of arbitration, are not controlling as to the issues which may be considered by judicial review.

█ In our opinion a proper arbitration proceeding under the broad and all inclusive contract agreement to arbitrate which is here involved is subject to attack on judicial review only pursuant to A.R.S. § 12–1512.[2] The arbitrators are empowered to decide questions of fact and questions of law. Funk v. Funk, 6 Ariz.App. 527, 434 P.2d 529 (1968) and Safety Control, Inc. v. Verwin, Inc., 16 Ariz.App. 540, 494 P.2d 740 (1972). It is urged that this Court in Park Imperial, Inc. v. E. L. Farmer Construction Co., Inc., 9 Ariz.App. 511, 454 P.2d 181 (1969), held that the Court on judicial review of an arbitration award can decide questions of fact. We do not so construe the Park Imperial decision. That decision did not broaden the Court's review powers which are specified by A.R.S. § 12–1512. It might appear that our Supreme Court in Bacchus v. Farmers Insurance Group Exchange, 106 Ariz. 280, 475 P.2d 264 (1970), previously referred to in the review of the Court of Appeals decision by the same name, held that errors of law made by the board of arbitration can be reviewed on judicial review. We believe that the Supreme Court did not so hold. As we stated earlier, the Court of Appeals opinion in connection with Bacchus held that a specific issue had not been submitted to arbitration. On review the Arizona Supreme Court expressly declined to rule on that contention. The Supreme Court opinion in Bacchus was one of three cases which were decided on 8 October 1970, which clarified the right to the use of certain offsets against uninsured motorist coverage. The applicable law relating to the judicial review of awards of arbitrators was not ruled upon. In our opinion these observations are not inconsistent with the admonition contained in McKay v. The Industrial Commission of Arizona, 103 Ariz. 191, 438 P.2d 757 (1968). The other cases decided as a part of the 8 October 1970 triumvirate are Transportation Insurance Company v. Wade, 106 Ariz. 269, 475 P.2d 253 (1970) and Porter v. The Empire Fire and Marine Insurance Company, 106 Ariz. 274, 475 P.2d 258 (1970), which opinion was modified on rehearing, 106 Ariz. 345, 476 P.2d 155 (1970). The problems relative to the judicial power to revise an arbitration award were not the basis of the Supreme Court opinion in Bacchus.

There are other Arizona arbitration cases which arise basically from suits to compel arbitration or a request for arbitration after the suit has been filed. We refer to Bolo Corporation v. Homes & Son Construction Co., Inc., 105 Ariz. 343, 464 P.2d 788 (1970); Roeder, supra; State Farm Fire and Casualty Company v. Rossini, 107 Ariz. 561, 490 P.2d 567 (1971); New Pueblo Constructors, Inc. v. Lake Patagonia Recreation Association, Inc., 12 Ariz. App. 13, 467 P.2d 88 (1970), and Jeanes v. Arrow Insurance Company, 16 Ariz.App. 589, 494 P.2d 1334 (1972).

2. This section is quoted in full in earlier cases herein cited and we deem it not necessary to repeat it here.

, [6] Earlier in this opinion mention was made of the three civil suits which had been filed by three of the Verdex employees against the School District and McCollum. Between the time of the arbitration award here in question and the Superior Court trial of the action to confirm the award, this Court entered its opinion in Reber v. Chandler High School District, 13 Ariz.App. 133, 474 P.2d 852 (1970). In Reber this Court held that McCollum and the School District had no legal liability to the Verdex employees. It may be that the Reber decision persuaded the trial court to rule as it did. The board of arbitrators had the authority to rule on questions of law. Even though a court reviewing the award of a board of arbitration might consider some rulings on questions of law to be error, the rulings so made are binding subject only to the limited grounds for review set forth in A.R.S. § 12–1512. If it be that the trial court based its ruling on the Reber case, it was error to refuse to confirm the award on that basis.

The School District urges that the award is ambiguous and that it is conflicting within itself and therefore unenforceable because the ruling in favor of Del Duca was against Verdex and Glens Falls without recourse against McCollum and the School District whereas the ruling in favor of Verdex and against McCollum and the School District was without recourse against the Board of Supervisors. We have already disposed of the question of any possibility of an award which would determine liability against the Board of Supervisors in favor of Verdex. It was well known to the board of arbitrators, based upon the record made before it, that it had no jurisdiction to enter an award which would be binding upon the Board of Supervisors and its clarification of its position stating that the award in favor of Verdex was without recourse to the Board of Supervisors was clearly supported by the record.

There was evidence of independent negligence on the part of Verdex. There was evidence of negligence on the part of McCollum, and therefore on the part of McCollum's principal, the School District, which was independent of the negligence of Verdex. The fact of the similarity in the amounts of the two awards is a coincidence and is not a fact for consideration in determining this particular issue. It appears obvious to this Court from a reading of the reporter's transcript of the arbitration proceedings that the board of arbitration made its award to Del Duca based upon Verdex's negligence and that the board made its award in favor of Verdex and against McCollum and the School District based upon separate and distinct negligence on the part of McCollum. We have no difficulty in holding the two awards to be consistent under the facts presented to the board of arbitration.

From our review of the record, we find an absence of statutory grounds to decline to confirm the award which was entered in favor of Verdex and against McCollum and the School District.

This cause is reversed with directions to confirm the award in favor of Verdex and against the School District and McCollum.

DONOFRIO, P. J., and OGG, J., concur.