525 P.2d 309

**SMITTY'S SUPER–VALU, INC., an Iowa corporation, Appellant,**

v.

**Amos PASQUALETTI; First National Bank of Arizona, Executor of the Estate of Anthony J. Pasqualetti, Deceased; James A. Leonard, Guardian of the Estate of Ben Pasqualetti, an Incompetent, and M. Ralph Jenkins, Executor of the Estate of Rose Pasqualetti Jenkins, Deceased, Appellees.**

**No. 1 CA–CIV 2099.**

Court of Appeals of Arizona,
Division 1, Department B.

Aug. 20, 1974.

Rehearing Denied Sept. 20, 1974.

Review Denied Dec. 17, 1974.

Roush, Mori, Welch & Steiner, by George Welch, Jr. and Roderick D. Mac-Millan, Phoenix, for appellant.

Allen, McClennen & Fels, by John V. Fels, Phoenix, for appellees.

## OPINION

HAIRE, Presiding Judge.

On this appeal we must determine whether the trial judge committed error when he modified the arbitration award which was the subject of the trial court proceedings. The proceedings were initiated when the appellees, as successors to the lessors' interests under a lease, filed an action seeking to void an arbitration award concerning rental payments under a lease wherein the appellant was the lessee. The lessee answered and filed a counterclaim seeking confirmation of the award.

The problem between the lessors and the lessee arose as a result of their failure to agree concerning a rental adjustment after the condemnation of a portion of the leased premises. The lease agreement provisions relating to a rental adjustment after a condemnation taking were as follows:

" . . . the amount of the rental to be paid for the remainder of the term of the lease for the portion of the premises not so taken shall be determined by agreement between the parties hereto and if the parties are unable to so agree, the amount of such rental shall be determined by arbitration by arbitrators to be appointed and who shall act according to the arbitration provisions of paragraph 6 of this lease. . . . "

The arbitration provisions of paragraph 6, insofar as pertinent, provided that:

" . . . the amount of such adjusted rental shall be determined by arbitration, in which event Lessor shall immediately appoint one arbitrator and Lessee shall immediately appoint one arbitrator, and the two arbitrators so appointed shall promptly select a third arbitrator. . . . The decision in writing signed by two or more of the said arbitrators shall be binding and conclusive upon the parties hereto. . . . "

Because of the inability of the parties to agree on a rental adjustment, the arbitration provisions were invoked, and three arbitrators were appointed. Two of these arbitrators eventually reached agreement and issued an award setting the sum of $6,670 as the proper annual rental abatement which would apply from the time of the taking through the approximate 50-year remaining term of the lease.

In the trial court the lessors sought to have the award declared void pursuant to A.R.S. § 12–1512A(3) upon the basis that the arbitrators had exceeded their powers.[1] In the event the alleged excess was not sufficient to support a complete voiding of the award, the lessors sought to have the award modified pursuant to A.R.S. § 12–1513A(2) to the extent that the arbitrators had allegedly included in their award an amount relating to a matter not submitted to them.[2]

In the trial court the issues were decided on the basis of affidavits submitted with motions for summary judgment filed by both parties. Although the facts presented to the trial court are somewhat limited, they are not in dispute, and during oral argument on this appeal, both counsel have urged that nothing would be gained by remanding this matter to the trial court for further development of the facts.

▆▆▆ Before discussing in detail the facts relied upon by the lessors as showing that the arbitrators exceeded their powers, it must be noted that severe limitations are placed upon judicial review of an arbitration award. A.R.S. § 12–1512 sets forth the circumstances which would justify a court's avoidance of the award. As previously noted, the lessors rely upon subsection A(3), that "the arbitrators exceeded their powers". The boundaries of the arbitrators' powers are defined by the agreement of the parties. Transnational Insurance Co. v. Simmons, 19 Ariz.App. 354, 507 P.2d 693 (1973); Bacchus v. Farmers Insurance. Group Exchange, 12 Ariz.App. 1, 467 P.2d 76 (1970), vacated on other grounds, 106 Ariz. 280, 475 P.2d 264 (1970). Within those boundaries, the arbitrators' decision is final both as to questions of fact and law. Verdex Steel and Construction Co. v. Board of Supervisors, 19 Ariz.App. 547, 509 P.2d 240 (1973); Transnational Insurance Co. v. Simmons, supra; New Pueblo Constructors, Inc. v. Lake Patagonia Recreation Association, Inc., 12 Ariz.App. 13, 467 P.2d 88 (1970); Funk v. Funk, 6 Ariz.App. 527, 434 P.2d 529 (1967); 5 Am.Jr.2d Arbitration and Award, § 145, p. 626. Thus, even though a court reviewing an arbitration award might consider erroneous some rulings on questions of law, the rulings made by the arbitrators are binding unless they result in extending the arbitration beyond the scope of the submission, Verdex Steel and Con-

1. A.R.S. § 12–1512(A)(3) provides:
"A. Upon filing of a pleading in opposition to an award, and upon an adequate showing in support thereof, the court shall decline to confirm and award and enter judgment thereon where:
\* \* \* \* \* \* \*
"3. The arbitrators exceeded their powers;"

2. A.R.S. § 12–1513A(2) provides:
"A. Upon application made within ninety days after delivery of a copy of the award to the applicant, if judgment has not been entered thereon, the court shall modify or correct the award where:
\* \* \* \* \* \* \*
"2. The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted;"

struction Co. v. Board of Supervisors, *supra*. In New Pueblo Constructors, Inc. v. Lake Patagonia Recreation Association, Inc., *supra,* the trial judge had entered an order staying arbitration proceedings. On appeal, as a basis for sustaining the trial court's order, the appellee urged that the matters which would be decided by the arbitrators would involve both questions of law and fact and that questions of law were to be decided by the courts and not by the arbitrators. The court noted that an arbitration agreement which was without limitations such as the one in that particular case gave the arbitrators "full power to decide both questions of law and fact", and then proceeded to reverse the stay order previously entered by the trial court. As noted by the United States Supreme Court in Bernhardt v. Polygraphic Co. of America, 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199 (1956), judicial review of an arbitration award is more limited than judicial review of a trial, and questions of law such as whether the arbitrators misconstrued a contract are not open to judicial review. Although at first consideration this concept might appear highly questionable, when the rationale underlying the entire theory of arbitration is considered, it becomes obvious that this non-reviewability concept is essential to the continued viability of arbitration as a controversy-settling device. This underlying rationale was expressly recognized by the Arizona Supreme Court in Gates v. Arizona Brewing Co., 54 Ariz. 266, 95 P.2d 49 (1939), wherein the court stated:

> ". . . arbitration is a contractual proceeding, whereby the parties to any controversy or dispute, in order to obtain an inexpensive and speedy final disposition of the matter involved, select judges of their own choice and by consent submit their controversy to such judges for determination, in the place of the tribunals provided by the ordinary processes of law." 54 Ariz. at 269, 95 P.2d at 50.

If the conclusions of the arbitrators were to be subjected to the full range of ordinary judicial review, then the function of the substituted arbitration tribunal would be largely defeated—the objectives of an inexpensive and speedy final disposition of the controversy would become illusory and the arbitration tribunal would in fact become merely a lower rung in the ascending ladder of judicial review. In addition to defeating the specific intent of the parties, this would add further to the time-consuming and expensive role required by a court adjudication—a result which is antithetical to the objectives inherent in the arbitration concept.

Against this background we now consider the facts urged by the lessors in opposition to the arbitration award. The lessors presented evidence showing that in the course of the discussions between the arbitrators, one submitted a two-pronged recommendation which suggested a rental reduction directly proportional to the acreage condemned, and, in addition, a lump sum amount (equal to rental previously paid on the condemned property) because lessee had been deprived of the opportunity to develop the condemned acreage. One of the other arbitrators then pointed out that under the arbitration provisions of the lease they had no authority to make a lump sum adjustment and that damages must be converted "into an annualized rental abatement". These two arbitrators then proceeded to convert the lump sum into an "annual constant", which when added to the straight per acre rental reduction resulted in the amount awarded as a rental adjustment.

In apparent recognition of the foregoing authorities which would preclude the court from reviewing the merits underlying the arbitration award, the lessors couch their attack in the context that the arbitrators "exceeded their powers", that "they awarded upon a matter not submitted to them". Factually, these contentions are framed in the lessors' language as follows:

> ". . . do the arbitrators have authority to refund to the lessee a lump sum equal to . . . the rent pre-

viously paid for such appropriated portion [of the leased premises]?"

The lessors then point out that a lump sum could not be awarded (a fact expressly recognized by the arbitrators), and proceeding from this point, argue that the arbitrators may not "validate" such award by amortizing the lump sum over the balance of the term of the lease. In essence, the lessors' contention is that as a matter of law the arbitrators could not take into consideration in determining the rental reduction a factor which would compensate the lessee for the loss of the right to develop the condemned acreage, and measure such factor by the amount of rent previously paid on the condemned parcel. The lessors cite Dodds v. Hakes, 114 N.Y. 260, 21 N.E. 398 (1889) as allegedly indicating that such evidence would not have been admissible in a court of law on the issue of damages under similar circumstances. Assuming such to be the rule applicable in a court of law, still no basis for modification or avoidance of the arbitrators' award has been shown. As the authorities previously cited clearly demonstrate, the decisions of the arbitrators on questions of fact *and of law* are final and conclusive, except when they conflict with express guidelines or standards set forth or adopted in the arbitration agreement. The arbitration agreement which we have here sets forth no standards which limit the factors which the arbitrators may consider in accomplishing a determination of the amount of the rental adjustment. Further, we cannot see any basis for the claim that because the arbitrators considered a damage factor which the lessors do not consider material, the arbitrators have *ipso facto* awarded upon a matter not submitted to them. As was so concisely stated in Gates, *supra*, by entering into the arbitration agreement and in order to obtain an inexpensive and speedy final disposition of the matter, the parties have substituted a different tribunal and a different method of determining their controversy in place of the tribunals provided by the ordinary processes of law. Having done so, the lessors cannot now avoid the consequences of their contract, and reinstate judicial tribunals as the forum for the resolution of that controversy.

■ Arizona's public policy strongly favors arbitration. Jeanes v. Arrow Insurance Company, 16 Ariz.App. 589, 494 P.2d 1334 (1972). In the review of an award, it is presumed that the arbitrators have decided only those issues contained in the submission agreement, and a party attacking the award has the burden of showing that the arbitrators exceeded their powers under the submission. Transnational Insurance Co. v. Simmons, *supra*. Here, the lessors have not borne that burden.

The judgment of the trial court is reversed and the matter remanded with directions to enter judgment for the defendant lessee confirming and approving the arbitration award.

JACOBSON, Chief Judge, Division 1, and EUBANK, J., concur.