536 P.2d 1069

**John R. SNOWBERGER and Charlotte Snowberger, husband and wife, Appellants,**

**v.**

**Robert B. YOUNG, Appellee.**

**No. I CA–CIV 2468.**

Court of Appeals of Arizona,
Division 1,
Department A.

June 19, 1975.

Rehearing Denied Aug. 8, 1975.

Review Denied Oct. 9, 1975.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.C. by Jeffrey B. Smith, Phoenix, for appellants.

Leibsohn, Eaton, Gooding, Romley & Monbleau, P.C. by Jeffrey M. Proper, Phoenix, for appellee.

OPINION

FROEB, Judge.

The question in this case is whether the trial court erred in confirming the award

made by an arbitrator in the dissolution of a law partnership.

The partnership out of which this dispute arose was formed on January 13, 1971, when a partnership agreement was executed by the four members of the firm. It provided that the partnership was to be capitalized by contributions of cash and goodwill. Accordingly, two of the partners, Wallace L. Larson and Appellee Robert B. Young, made cash contributions, while the other two partners, James R. McDougall and Appellant John R. Snowberger, contributed goodwill only. Snowberger was designated as the managing partner. The agreement provided for the arbitration of disputes arising out of the partnership agreement.

On July 12, 1971, Young gave his notice of intent to withdraw from the partnership. The other partners also gave similar notice on August 4, 1971. In the months that followed various accountings were rendered in an effort to settle the financial affairs of the partnership.

On March 3, 1972, Young sought a declaratory judgment in Superior Court to determine the rights of the parties upon the termination of the partnership. In his complaint, Young alleged that Snowberger, as managing partner, was responsible for the depletion of partnership cash reserves in excess of his proportional contribution of capital. He also contended that in each of the accountings Snowberger had written off goodwill of the partnership at zero, whereas it had been carried at value on the books of the partnership during its existence. Young concluded that these actions prevented the repayment to him of amounts which were owed by the partnership upon dissolution.

On April 28, 1972, the court proceedings were stayed and the issues were referred to arbitration. William H. Isaacson, Jr., an attorney-at-law and certified public accountant, was named by the parties as arbitrator. After reviewing the evidence and the respective contentions of the parties, he found that contributed goodwill had value upon dissolution and should be distributed to the contributing partners. He determined the remaining value of the goodwill according to a formula and proceeded to adjust the accounts as between the partners. As a consequence, his award provided that the partnership should pay to Young the amount of $7,013.67, less certain adjustments. The award further provided that Snowberger should reimburse the partnership in funds sufficient to pay Young the amount of his award.

On February 1, 1973, an application for court confirmation of the award was filed by Young. Snowberger opposed it on the basis that the arbitrator had acted in excess of his powers. The entire arbitration award was thereafter confirmed by judgment entered on May 10, 1973. It is from this judgment that Snowberger appeals.

The issue before the court is whether the arbitrator acted in excess of his authority. If so, the confirmation was erroneous and must be set aside. Arizona Revised Statutes § 12–1512(A)(3).

Arizona has adopted the Uniform Arbitration Act, A.R.S. § 12–1501 et seq. In general, the public policy in this state favors arbitration as a means of settling controversy. *Allstate Insurance Co. v. Cook*, 21 Ariz.App. 313, 519 P.2d 66 (1974). However, arbitration awards are open to attack by judicial review on the ground that the arbitrator exceeded his powers derived from the agreement of the parties to arbitrate. *Migneault v. United Services Automobile Association*, 21 Ariz. App. 397, 519 P.2d 1162 (1974). Limitations placed upon courts reviewing an arbitration award are well established.

". . . The boundaries of the arbitrators' powers are defined by the agreement of the parties. Transnational Insurance Co. v. Simmons, 19 Ariz.App. 354, 507 P.2d 693 (1973); Bacchus v. Farmers Insurance Group Exchange, 12 Ariz.App. 1, 467 P.2d 76 (1970), vacated on other grounds, 106 Ariz. 280, 475 P.

2d 264 (1970). Within those boundaries, the arbitrators' decision is final both as to questions of fact and law. *Verdex Steel and Construction Co. v. Board of Supervisors,* 19 Ariz.App. 547, 509 P.2d 240 (1973); *Transnational Insurance Co. v. Simmons, supra;* New Pueblo Constructors, Inc. v. Lake Patagonia Recreation Association, Inc., 12 Ariz.App. 13, 467 P.2d 88 (1970); Funk v. Funk, 6 Ariz.App. 527, 434 P.2d 529 (1967); 5 Am.Jr.2d Arbitration and Award, § 145, p. 626. Thus, even though a court reviewing an arbitration award might consider erroneous some rulings on questions of law, the rulings made by the arbitrators are binding unless they result in extending the arbitration beyond the scope of the submission, Verdex Steel and Construction Co. v. Board of Supervisors, supra. . . ." *Smitty's Super-Valu, Inc. v. Pasqualetti,* 22 Ariz. App. 178, 525 P.2d 309, 311–12 (1974).

▄▄ Appellant contends that the award of the arbitrator assigning value to goodwill on termination of the partnership and providing that it was an asset for distribution is at variance with the substantive law of Arizona. His position is that, in Arizona, goodwill in a professional partnership which is based on personal skill, judgment and reputation has no value upon dissolution and cannot be distributed as an asset. He then points to the arbitration agreement and contends that it required the arbitrator to be bound by this principle of substantive law and to apply it in this case. He concludes that by not applying this principle of substantive law, the arbitrator exceeded his authority under the agreement and, in effect, wrote a new contract for the parties.

We note that the question of whether goodwill can be so valued and considered as an asset for distribution has not been decided in Arizona and that there is divided authority on the question from other states.[1] We conclude, however, that we need not resolve this substantive question, as we find that the arbitrator did not act in excess of his power under the submission to him and therefore his findings of fact and of law were final. *Verdex Steel and Construction Co. v. Board of Supervisors,* 19 Ariz.App. 547, 509 P.2d 240 (1973).

The applicable part of the arbitration agreement reads:

*"Section E—Arbitration*

"Any controversy or claim arising out of or relating to any provisions of this document or the breach thereof, shall be settled by arbitration in accordance with the rules then in effect of the American Arbitration Association, *to the extent consistent with the laws of the State of Arizona* . . . ." (Emphasis added.)

Appellant contends that the emphasized language of the provision calls for the application of Arizona substantive law by the arbitrator in making his award. We disagree. The rules of the American Arbitration Association are essentially procedural in character. The language of the quoted paragraph merely requires that they be followed unless contradicted by Arizona laws on the subject. In no sense does the paragraph require application of Arizona substantive law by the arbitrator. Nor is there any other provision of the agreement which would bring into operation any particular substantive rule regarding goodwill.

The arbitration proceeding in this case produced testimony and legal briefs dealing

1. The following cases support the principle that goodwill may be valued and considered as an asset for distribution in a professional partnership. *Rutan v. Coolidge,* 241 Mass. 584, 136 N.E. 257 (1922); *Evans v. Gunnip,* 36 Del.Ch. 589, 135 A.2d 128 (1957); *Durio v. Johnson,* 68 N.M. 82, 358 P.2d 703 (1961); *Berg v. Settle,* 70 Wash.2d 864, 425 P.2d 635 (1967).

A contrary result is found in the following cases: *Cook v. Lauten,* 1 Ill.App.2d 255, 117 N.E.2d 414 (1954); *Masters v. Brooks,* 132 App.Div. 874, 117 N.Y.S. 585 (1909); *Siddall v. Keating,* 8 A.D.2d 44, 185 N.Y.S.2d 630 (1959); *Halsrad v. Metcalf,* 56 Wash.2d 239, 351 P.2d 1037 (1960); *Lyon v. Lyon,* 246 Cal.App.2d 519, 54 Cal.Rptr. 829 (1966).

with various legal and factual questions. The arbitrator ruled that, in fact, some goodwill remained as an asset of the partnership and should be distributed to the contributing partners. We note that the arbitrator did not award to the appellee the full amount sought, nor did the arbitrator write off at zero the value of the goodwill as suggested by appellants. Instead, he used a method of calculating the remaining goodwill based upon a formula which he derived.

The rule of the arbitrator was clearly spelled out in *Park Construction Company v. Independent School District No. 32*, 216 Minn. 27, 11 N.W.2d 649 (1943), which held:

". . . Judges are in duty bound to apply the applicable rule of law in deciding cases. Because an arbitrator derives his powers from the parties and not from the law of the land and because that power includes that of deciding the law as well as the facts, 'He may do what no other judge has a right to do; he may intentionally decide contrary to law and still have his judgment stand.' (citations omitted) . . . .

"Finality of decision is one of the objects of arbitration. 'They [arbitrators] are also generally expected to frame their decisions on broad views of justice which may sometimes deviate from the strict rules of law.' (citations omitted)."

\* \* \* \* \* \*

". . . But a court will not set aside an award simply because it thinks that the arbitrators erred, either as to the law or the facts (citations omitted) . . . 'The result was an erroneous decision, but it was one, the risk of which the parties took when they agreed to submit the matter to their [arbitrators] decision;' . . ."

Thus, the award of the arbitrator did not exceed the submission to him and it was properly confirmed by the judgment of the trial court. We find the language of the opinion in *Smitty's Super-Valu, Inc. v. Pasqualetti*, supra, appropriate:

"If the conclusions of the arbitrators were to be subjected to the full range of ordinary judicial review, then the function of the substituted arbitration tribunal would be largely defeated—the objectives of an inexpensive and speedy final disposition of the controversy would become illusory and the arbitration tribunal would in fact become merely a lower rung in the ascending ladder of judicial review. In addition to defeating the specific intent of the parties, this would add further to the time-consuming and expensive role required by a court adjudication—a result which is antithetical to the objectives inherent in the arbitration concept." 525 P.2d 309, 312.

Judgment affirmed.

OGG, P. J., and DONOFRIO, J., concur.