OPINION
MEYERSON, Presiding Judge.
This is an appeal from a judgment of the trial court declining confirmation of an arbitration award on the ground that the arbitrators exceeded their powers. For the reasons hereinafter stated, we reverse and remand with instructions that the trial court confirm the award.
The parties to this appeal are attorneys, each of whom is licensed to practice law in the State of Arizona. Appellants M.B. *541 Moseley and Ben P. Marshall (referred to herein collectively as “Moseley”) accepted a personal injury case under a one-third contingent fee arrangement with the clients. Thereafter, Moseley associated appellee Charles M. Brewer for the purpose of his assuming the primary responsibility for any litigation which might become necessary in the action. At that time, the parties agreed that Moseley would receive one-third of any fee which might ultimately be realized from the prosecution of the claim and Brewer would be entitled to the remaining two-thirds.
Due to the nature and magnitude of the legal services which were thereafter performed at the trial and appellate level, the clients agreed with Brewer to increase the contingent fee from one-third to forty-five percent. The total net fee ultimately paid by the clients to Brewer under the terms of this revised agreement was the sum of $105,750.00. Following the payment of this amount, Moseley claimed that he was entitled to receive the sum of $35,200.00 constituting one-third of the total fee recovery. In response, Brewer took the position that Moseley was only entitled to the sum of $17,624.99.[1]
The parties subsequently agreed to submit their dispute to the Committee of the State Bar of Arizona on Arbitration of Fee Disputes. The sole question jointly presented to the arbitration committee was as follows:
It is the position of MOSELEY and MARSHALL that they are entitled to one-third of this amount [$105,750.00] or the sum of $35,250.00. It is the position of BREWER that MOSELEY and MARSHALL are entitled to the sum of $17,-624.99 only.
The arbitrators thereafter awarded Moseley the sum of $26,111.00 plus interest.
Moseley filed an application in the trial court for confirmation of the arbitrators’ award pursuant to A.R.S. § 12-1511. The trial court thereafter granted Brewer’s motion for summary judgment and set aside the award of the arbitrators finding that they had exceeded their powers by awarding an unsubmitted compromise figure. In granting Brewer’s motion for summary judgment, the court stated:
The Court ... finds that the arbitrators exceeded their powers in determining the amount of the award.
The Court further finds that submission was on the narrow issue of whether the sum claimed by Plaintiff or the amount offered by Defendant was the proper fee to be awarded to the Plaintiff. The arbitrators made an award varying from both amounts submitted.
In an affidavit later filed in the trial court in connection with Moseley’s motion for reconsideration, the arbitrators explained that they had decided that Moseley was entitled to only share in the one-third fee arrangement which existed before Brewer had negotiated the increase to forty-five percent. The affidavit further stated that the arbitrators’ award was computed as follows:
The total recovery was $235,000.00, one-third (Vs) of which, rounded to the closest dollar, is $78,333.00. This was the fee subject to division between MOSELEY, MARSHALL and BREWER. Under the agreement with BREWER, MOSELEY and MARSHALL were entitled to one-third (Vs) of[1] this amount or $26,111.00, the amount of the arbitration award.
On appeal to this court, Moseley argues that the arbitration agreement did not simply present the narrow issue of which of the two amounts submitted by the respective parties was correct. Acknowledging that the written petition to arbitrate determines the powers of the arbitrators and the rules of procedure that they are required to follow, Snowberger v. Young, 24 Ariz.App. 177, 536 P.2d 1069 (1975), Moseley argues that the award is not re *542 quired to be in the exact dollar sum claimed by one of the parties to the dispute.
In response, Brewer relies on Goldsberry v. Hohn, 120 Ariz. 40, 583 P.2d 1360 (App. 1978), wherein this court set aside an arbitration award because the arbitrators exceeded their powers when they proceeded to fix attorney’s fees on a quantum meruit basis although the only issue raised in the arbitration petition was whether a contingent fee agreement was valid. We agree with Moseley and find Goldsberry distinguishable. In Goldsberry, the only issue raised in the petition for arbitration was whether a contingency agreement was valid. The arbitrators were not asked to determine a reasonable fee in the event that they were to conclude that the contingency agreement was invalid. Thus, the arbitrators exceeded their authority by deciding an issue which had not been submitted to them.
In the case presently before the court, the parties submitted their fee agreement and the dispute arising therefrom to arbitration. The arbitrators found that Moseley was entitled to the sum of $26,111.20 pursuant to the agreement between the parties. The fact that this amount was less than that claimed by Moseley and exceeded the amount offered by Brewer is not fatal to the award. We find that the amount awarded was within the scope of the matter in controversy submitted to arbitration.
Brewer argues that the arbitration agreement did not stipulate that the arbitrators could arrive at an amount other than one of those which had been specifically submitted. Conversely, however, the parties did not provide that the arbitrators were limited to selecting one of the two amounts submitted by the parties.
Considering the arbitration agreement broadly and applying the most reasonable interpretation, we find that the award was well within the issues submitted by the parties. Moseley was entitled to one-third of the contingent fee paid to Brewer. At the time of the agreement, the total contingent fee which the clients were obligated to pay was one-third of any recovery. This is precisely the arrangement which was ultimately enforced by the arbitrators.
The judgment of the trial court is reversed and the matter remanded with directions to enter judgment for Moseley and Marshall confirming and approving the arbitration award.
BROOKS and CORCORAN, JJ., concur.

. Brewer arrived at this figure by retaining two-thirds of the fee for himself and suggesting that the remaining amount be divided between Moseley and another attorney who had been engaged by Brewer to handle the appellate proceedings in the case.