[Civil No. 186.   Filed July 1, 1887.]

[S. C. 14 Pac. 300.]

## THE UNITED STATES, Plaintiff and Respondent, v. N. ELLIS et al., Defendants and Appellants.

1. APPEAL AND ERROR—ABSTRACT—PRESUMPTION—WHERE EVIDENCE OBJECTED TO IS NOT SET FORTH IN ABSTRACT OBJECTIONS THERETO WILL NOT BE CONSIDERED.—Where the abstract does not set forth the documents to the admision of which objection was made below this court must presume that they were correctly received, and cannot consider alleged error in the ruling of the trial court.

2. EVIDENCE—DOCUMENTS OF WAR DEPARTMENT PROPERLY AUTHENTICATED EVIDENCE—REV. ST. U. S. 1878, § 886, CITED.—Copies of documents from the quartermaster's department of the war department properly authenticated by the auditor of the treasury are made evidence by § 886 of the revised statutes, *supra.*

3. ARBITRATION—WHERE CONTRACT CALLS FOR ARBITRATION—PARTIES MUST SEEK THEIR REMEDY UNDER ITS TERMS—DECISION OF ARBITER CONCLUSIVE IN ABSENCE OF FRAUD OR MISTAKE.—Where the parties, by the terms of the contract, agree upon an arbitrator or other person to construe the contract and fix and determine obligations under it, parties must seek their remedy according to the terms of the contract, and those terms will be enforced in all cases in the absence of fraud, bad faith or mistake clearly made to appear.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Yavapai. Affirmed.

The facts are stated in the opinion.

Clark Churchill and H. N. Alexander, for Appellant.

The court erred in taking the case from the consideration of the jury and ordering them to bring a verdict for the plaintiff. The United States as a litigant stands on the same plane as an individual, and is subject to the same laws, rules, procedure and practice as other litigants.

The United States as a contractor is subject to the same laws, rules and constructions governing contracts as any other contracting party. Case of the Siren, 7 Wall. 152-4; *United States* v. *Ringgold,* 8 Pet. 150. One rule governing contracts, *i. e.* that in all cases whatever a promissor will be discharged from all liability when the non-performance of his obligation is caused by the act or fault of the other contracting party. Parsons on Contracts, Vol. 2, pages 523, 676; *Hudson Canal Co.* v. *Parma Coal Co.,* 8 Wall. 288, 289; *United States* v. *Peck,* 102 U. S. 64.

When there is evidence which in any way tends to establish the plaintiff's cause of action, or the defendant's case, it is erroneous for the court to withdraw the case from the jury, or direct a verdict; it is not for the court to judge of the sufficiency of the evidence. Proffat on Jury Trials, Sec. 355, page 421; *Schuchardt* v. *Allen,* 1 Wall. 359, 371; *Drakely* v. *Gregg,* 8 Wall. 268; *Hickman* v. *Jones,* 9 Wall. 201; *Barney* v. *Schneider,* 9 Wall. 248, 251, 253; *Utica Insurance Co.* v. *Badger,* 3 Wend. 103; *New York Ins. Co.* v. *Walden,* 12 John. 514, 518.

Owen T. Rouse, U. S. Dist. Atty. (Herndon & Hawkins, of counsel) for Respondent.

The contract among other things provides as follows: "Should any objection be made to the action of the officer designated to inspect and receive the barley, the case will be decided by a board of officers, subject to the approval of the Department Commander."

Where the parties in their contract fix on a certain mode by which the amount to be paid shall be ascertained, the party

that seeks an enforcement of the agreement must show that he has done every thing on his part which could be done to carry it into effect. *United States* v. *Robeson,* 9 Pet. 319.

The evidence failed to show that Ellis at any time called on any officers or any board to pass upon the quality of the barley after it had been rejected. Therefore he did not avail himself of the terms of his contract or "do every thing on his part which could be done to carry it into effect."

BARNES, J. This is a suit by plaintiff on a bond to secure a contract made by Nathan Ellis, defendant, to deliver barley to the assistant quartermaster of the United States army at Fort McDowell, Arizona. Plaintiff recovered a judgment for the full penalty of the bond, to wit, $500, and defendant brings the case into this court for review. The abstract shows that plaintiff offered in evidence a certified copy of the bond sued on and of the contract for the delivery of the barley aforesaid, and also certified copies of certain vouchers marked "Exhibits E, F, and G," and copies of other documents from the quartermaste's department from the files of the war department, which seem to have been duly certified by the proper officers of the United States treasury. The abstract does not set out nor state the contents of either the bond sued on or the contract, or either one of the exhibits to which objection is made.

We must presume that the court below ruled correctly in admitting them. Before we can hold that the court below erred, that must clearly appear, and we cannot consider in this court objections to evidence or documents that were offered below unless they are contained in the abstract, so that the court can see what the action of the court and what the evidence was that was objected to.

This disposes of all the objections in the case that we should or can properly consider; but we have, notwithstanding this fact. looked into the record, and find that all these documents and vouchers were properly authenticated by the proper auditor of the treasury having charge of the accounts of the war department, and are made evidence by virtue of section 886 of the Revised Statutes. These authenticated copies make

out a *prima facie* case, and it devolves, then, upon the defendant to defeat the same by competent evidence. It appears that there was a clause in the contract which provides that, in case of failure of said party of the second part thereto to comply with the stipulations of the contract, the party of the first part should have the power to purchase in open market and supply the deficiency, and the party of the second part was to be charged with the excess of cost, if any, over the rate specified in the contract. The contract also provided that deliveries should be made at such times and in such quantities as the acting assistant quartermaster at the station above named, or higher authority, might direct, subject to inspection by such officer or agent as the party of the first part might designate, and also provided that if any objection should be made to the action of the officer designated to receive and inspect the barley, that the case should be decided by a board of officers, subject to the approval of the department commander.

It seems that the defendant delivered at Fort McDowell between sixty and seventy thousand pounds of barley, and that the same was rejected by the inspecting officer at that post. By the terms of that contract, if the defendants were dissatisfied with the rejection of said barley, it was his duty and his right under the contract to call for a board of officers, according to the provisions of the contract, and have the case decided, as provided by the terms of the contract. This he did not do; and according to the terms of his contract, he cannot now raise the question as to the quality of the barley, and the fault of the officer in rejecting the same. In the absence of fraud or bad faith on the part of the officer under this contract, his action was final as between the plaintiff and defendant contractor; and the contractor's aonly remedy was the remedy provided by the contract,—an appeal to a board of officers according to its terms. The evidence shows clearly that no such appeal was made, and the court properly instructed the jury that, as a matter of law, the contractor was liable for the difference between the contract price and the price paid in open market by the officer for the barley, which was clearly more than the amount of the bond and the recovery in this case.

In the case of *Kihlberg* v. *United States,* is reported in 97 U. S. 398, where there was a contract for the transportation of stores between certain points, provided that the distance should be ascertained and fixed by the chief quartermaster, it was held that, in the absence of fraud, or such gross mistake as necessarily implied bad faith or failure to exercise honest judgment, the decision of the chief quartermaster was conclusive upon the parties.

It was held in *United States* v. *Robeson,* 9 Pet. 319, that, where parties to a contract fixed a certain mode by which the amount to be paid shall be ascertained, the party who seeks enforcement must show that he did everything on his part that could be done to carry that portion of the contract into effect.

Where the parties, by the terms of the contract, agree upon an arbitrator or other person to construe the contract and fix and determine obligations under it, parties must seek their remedies according to the terms of the contract, and those terms will be enforced in all cases in the absence of fraud, bad faith, or mistake clearly made to appear.

The judgment of the court below is affirmed.

WRIGHT, C. J., and PORTER, J., concur.