[Civil No. 472.   Filed January 20, 1896.]

[43 Pac. 222.]

## UNITED STATES OF AMERICA, Plaintiff and Appellant, v. PHILIP DRACHMAN et al., Defendants and Appellees.

1. EVIDENCE—ACCOUNT OF WAR DEPARTMENT—TREASURY TRANSCRIPT—REV. STATS. U. S., SEC. 886, CONSTRUED—UNITED STATES V. ELLIS, 2 ARIZ. 253, 14 PAC. 300, FOLLOWED.—In an action for damages brought by the United States against a party who failed to comply with his bid to furnish supplies to the war department, and the guarantors upon his bid, a United States treasury transcript, duly certified under section 886, *supra,* showing the advertisement for the bid, the proposal of the defendant, the guaranty of his co-defendants, the notice to defendant of the acceptance of his bid, the letter of defendant refusing to enter into the contract and bond required, the itemized statement and account showing that purchases by the government in consequence of the default of defendant, should be received in evidence, the suit involving an account. *United States* v. *Ellis,* 2 Ariz. 253, 14 Pac. 300, followed.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. Joseph D. Bethune, Judge. Reversed.

The facts are stated in the opinion.

E. E. Ellinwood, United States District Attorney, for Appellant.

Barnes & Martin, for Appellees.

BAKER, C. J.—This action was brought to recover $5,988.16, damages accruing to the United States by reason of Philip Drachman's failing to comply with his bid to furnish certain supplies (hay) for the use of the government at its military post at Fort Huachuca, in this territory. The appellee Dennis was a guarantor upon the bid of said Drachman. Drachman defaulted, and failed to comply with his bid, and the government bought the supplies in open market, the difference between the bid and the price paid for the supplies in open market being the amount claimed as damages

in this suit. On the trial of the cause, the appellant offered in evidence a United States treasury transcript, duly certified, under section 886 of the Revised Statutes of the United States, showing the following facts: April 1, 1885, Major A. J. McGonnigle, chief quartermaster of the department of Arizona, advertised, in accordance with the regulations of the war department, for proposals for military supplies to be furnished during the fiscal year 1886. Among the other supplies for which proposals were asked were 1,400,000 pounds of hay, to be delivered at Fort Huachuca, Arizona; the hay to be well and securely stacked, and in the post-yard, and wild hay of the best quality in the vicinity of the place of delivery. The advertisement further stipulated that the bidder must state the kind and quality of hay to be furnished, whether alfalfa, grama, barley, or bottom, and that none but machine- or scythe-cut hay would be received. In accordance with this advertisement, the defendant Philip Drachman duly submitted his proposal to furnish at Fort Huachuca, Arizona, 1,400,000 pounds of grama hay, cut with a machine, at the rate of ninety-three cents per one hundred pounds, which quantity, under the proposal, might, at the option of the government, be increased by twenty per cent, should the circumstances of the service require it. Accompanying this bid was the guaranty of defendants John T. Dennis and H. Goldberg, binding themselves that, within ten days after acceptance, the said Drachman would enter into a contract with appellant to furnish said hay, and give a good and sufficient bond, and if the said bidder failed so to do, that the said guarantors would pay to the appellant the difference in money between the amount of the bid of said bidder and the amount for which the proper officer of the United States might contract with another party for said supplies. Included in this transcript is the notice to defendant of the acceptance of his bid, inclosing contract and bond, and the letter of defendant Drachman declining to enter into the agreed contract and to furnish the required bond. Also included in the treasury transcript is the itemized statement and account showing the purchases by the government in consequence of the default of the defendant Drachman. The appellees objected to the introduction of the transcript mainly for the reason that such transcripts are admissible in suits against revenue officers or other persons

accountable for public moneys only, and that, appellees being in no such relationship to the government, it is not admissible in the suit. The objection was sustained, and the transcript excluded. The question therefore is, Did the court err in rejecting the treasury transcript?

Section 886 of the Revised Statutes of the United States is as follows: "When suit is brought in any case of delinquency of a revenue officer, or other person accountable for public money, a transcript from the books and proceedings of the treasury department, certified by the register and authenticated under the seal of the department, or when the suit involves the accounts of the war or navy departments, certified by the auditors respectively charged with the examination of those accounts, and authenticated under the seal of the treasury department, shall be admitted as evidence and the court trying the case shall be authorized to grant judgment and award execution accordingly. And all copies of bonds, contracts, or other papers relating to, or connected with the settlement of, any account between the United States and an individual, when certified by the register, or such auditor, as the case may be, to be true copies of the originals on file, and authenticated under the seal of the department, may be annexed to such transcript, and have equal validity and be entitled to the same degree of credit which would be due to the original papers if produced and authenticated in court." It appears from the statement of facts that an account of the war department is involved in the suit, and that is a sufficient answer to the objection of appellees. A similar ruling is made in the case of *United States* v. *Griffith,* 2 Cranch C. C. 366, Fed. Cas. No. 15,263. We also have a precedent arising in this court. Upon a contract to deliver barley to the quartermaster of Fort McDowell for the use of the government the contractor defaulted, and suit was brought against him to recover the penalty of his bond. A treasury transcript was introduced in evidence by the government, showing the contract, bond, account, etc., as appearing in the records of the war department. The court said: "This disposes of all of the objections in the case that we should or can properly consider, but we have, notwithstanding this fact, looked into the record, and find that all of the documents and vouchers were properly authenticated by the proper auditor

of the treasury having charge of the accounts of the war department, and are made evidence by virtue of section 886 of the Revised Statutes. These authenticated copies make out a *prima facie* case, and it devolves, then, upon the defendant to defeat the same by competent evidence." *United States v. Ellis*, 2 Ariz. 253, 14 Pac. 300.

It follows that the lower court erred in sustaining the objection to the transcript, and the judgment is therefore reversed, and a new trial ordered.

Rouse, J., and Hawkins, J., concur.