454 P.2d 181

**PARK IMPERIAL, INC., an Arizona corporation, Appellant,**

v.

**E. L. FARMER CONSTRUCTION CO., Inc., an Arizona corporation, Appellee.**

**No. I CA–CIV 501.**

Court of Appeals of Arizona.

May 12, 1969.

**512**

apartment complex. As a part of the contract there was a printed section copyrighted by the American Institute of Architects titled, "The General Conditions of the Contract for the Construction of Building." Articles 39 and 40 of said section provided for submission to arbitration of disputes arising under the contract.

Prior to 31 December 1964 certain disputes and controversies did arise and plaintiff Farmer notified Park Imperial by letter of plaintiff's desire to arbitrate which was refused by Park Imperial. On 10 March 1965 a motion pursuant to A.R.S. § 12–1501 and § 12–1502, subsec. A entitled "Motion to Compel Arbitration" was filed in the Superior Court of Maricopa County. The motion was resisted by Park Imperial and the motion was granted by the Superior Court. Three arbiters were selected to hear the matter, a contractor, an architect, and a practicing attorney. Hearings were held at which both sides were represented by counsel. The matter was strongly if not bitterly contested. An arbitration award was signed by two of the three members on 17 December 1965. The third member filed a dissent. The report was objected to by Park Imperial and a hearing was held by the trial court at which time additional testimony was taken.

The trial court found,

"2. The Findings of Fact, Conclusions of Law and Award entered by a majority of the arbitrators on December 17, 1965, were valid, within the jurisdiction of the arbitrators, and in all ways proper and in accord with the applicable Arizona Statutes and untainted by misconduct, undue means, or prejudice.",

and entered judgment thereon. From this judgment Park Imperial appeals.

This case can be distinguished from the recent decision of this Court in Funk v. Funk, 6 Ariz.App. 527, 434 P.2d 529 (1968), U.S. cert. denied in 393 U.S. 829, 89 S.Ct. 95, 21 L.Ed.2d 100 (1968), in which it was held that under the facts in that case, the arbitration agreement, not being a statutory arbitration, was governed by the common

Johnson & Shaw, by Marvin Johnson and Felix F. Gordon, Phoenix, for appellant.

Lewis, Roca, Beauchamp & Linton, by John P. Frank, John J. Flynn, Robert A. Jensen, Scott E. Little and James Moeller, Phoenix, for appellee.

CAMERON, Judge.

This is an appeal from a judgment of the Superior Court upholding and affirming an arbitration award.

We are called upon to determine whether the trial court erred in refusing to set aside the award.

On 16 March 1964, the plaintiff, E. L. Farmer Construction Co., Inc., and Park Imperial, Inc., both Arizona corporations, entered into a contract providing for the construction by E. L. Farmer of a 60 unit

law. See Fineg v. Pickrell, 81 Ariz. 313, 305 P.2d 455 (1956) and Gates v. Arizona Brewing Co., 54 Ariz. 266, 95 P.2d 49 (1939). The facts in the instant case bring it under the Uniform Arbitration Act which was adopted by the Arizona State Legislature in 1962. § 12–1501, A.R.S., reads as follows:

"§ 12–1501. Validity of arbitration agreement

"A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract."

Opposition to an award may be made only upon the following grounds:

"§ 12–1512. Opposition to an award

"A. Upon filing of a pleading in opposition to an award, and upon an adequate showing in support thereof, the court shall decline to confirm an award and enter judgment thereon where:

"1. The award was procured by corruption, fraud or other undue means;

"2. There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

"3. The arbitrators exceeded their powers;

"4. The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of § 12–1505, as to prejudice substantially the rights of a party; or

"5. There was no arbitration agreement and the issue was not adversely determined in proceedings under § 12–1502 and the adverse party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award."

Generally, in the absence of fraud or mistake the action of an arbiter empowered by a contract or statute to construe and determine its conditions is final and conclusive upon the parties. United States v. Ellis, 2 Ariz. 253, 14 P. 300 (1887):

"It is well settled law that the award of an arbitrator in a matter properly submitted to arbitration is final and conclusive, unless it be shown that the arbitrator was guilty of fraud, misconduct, or such gross mistake as would imply bad faith or failure to exercise an honest judgment. (citations omitted) Generally speaking, a valid award of the arbitrator in the matter submitted to him is given the same effect as a valid judgment." Albert v. Albert, 391 S.W.2d 186, 188, Tex.Civ.App., (1965).

Were the trial court required to try each case de novo the reason for arbitration agreements would be nugatory:

"Were we empowered to view the matter *de novo*, we would find much to persuade in the arguments advanced by the dissenting arbitrator. But as respondent recognizes, the court's function in confirming or vacating an arbitration award is severely limited. If it were otherwise, the ostensible purpose for resort to arbitration, i. e., avoidance of litigation, would be frustrated." Amicizia Societa Nav. v. Chilean Nitrate & Iodine S. Corp., 2 Cir., 274 F.2d 805, 808 (1960).

In the instant case the person objecting to the award had the burden of making an "adequate showing" to the trial court wherein the award should be set aside. This Court on appeal is bound to view the action of the trial court in a light most favorable to upholding the trial court's determination, McFadden v. Wilder, 6 Ariz.App. 60, 429 P.2d 694 (1967), Wells v. Tanner Brothers Contracting Company, 103 Ariz. 217, 439 P.2d 489 (1968), just as the trial

court was required to view the arbitration award in a light most favorable to upholding the said award:

"*  *  * A party seeking to set aside an arbitration award on account of error has the burden to affirmatively establish the existence of such error and the fact that it was prejudicial." Franz v. Inter-Insurance Exchange of Auto. Club of So. Cal., 229 Cal.App.2d 269, 40 Cal. Rptr. 218, 221 (1964).

In the instant case there was a binding arbitration agreement in the contract. A reading of the testimony before the arbitration board and the trial court leads us to the conclusion that there was no abuse of discretion on the part of the trial court in refusing to set aside the award of arbitration.

Judgment affirmed.

DONOFRIO, C. J., and STEVENS, J., concur.