494 P.2d 740

**SAFETY CONTROL, INC., a corporation, and Michael S. Barr, Appellants,**

v.

**VERWIN, INC., a corporation, Appellee.**

**No. 2 CA–CIV 1083.**

Court of Appeals of Arizona, Division 2.

March 16, 1972.

Rehearing Denied April 12, 1972.

Review Denied May 31, 1972.

Hirsch & Pakula, by Arthur L. Hirsch, Tucson, for appellants.

Miller, Pitt & Feldman, P. C., by David J. Leonard, Tucson, for appellee.

HATHAWAY, Judge.

This appeal seeks reversal of a superior court order confirming an arbitrator's award. (The corporate parties shall hereinafter be referred to as "Safety Control" and "Verwin").

On November 19, 1968, a joint venture agreement was entered into between Safety Control, an Arizona corporation, and Verwin, a California corporation, concerning the manufacture, sale and marketing of a seat belt safety device known as T.A.S.K. Appellant Barr, president of Safety Control, personally guaranteed the commitment made by Safety Control in this agreement. A dispute subsequently arose between the parties regarding the performance required under the joint venture agreement and the matter was submitted to arbitration as required by the agreement.[1]

A demand for arbitration was filed by Verwin seeking:

"A determination of the respective rights and obligations of Verwin, Inc., and Safety Control, Inc., under and pursuant to the terms and provisions of the joint

---

1. The pertinent provision provided:

"Any dispute, controversy or claim arising out of or resulting from this agreement, or the breach thereof shall be settled by arbitration between the attorneys for Safety and the attorneys for Verwin and a third party to be mutually agreed upon by the aforesaid attorneys. Any decision or award made by the above arbitration procedure shall be binding upon the parties and shall be enforceable in any court of competent jurisdiction.

In the event the above procedure does not result in an arbitration award or decision, or in the event the attorneys representing Verwin and Safety are unable to select by mutual agreement a third party, then and in that event the dispute, controversy or claim shall be settled in accordance with the rules then prevailing of the American Arbitration Association."

venture agreement dated November 19, 1968, and a determination that Safety Control, Inc., is obligated to Verwin, Inc., for the amount of Verwin, Inc.'s contribution to the joint venture."

An arbitration hearing was duly held by the American Arbitration Association and the arbitrator's award required, *inter alia*, that Safety Control pay to Verwin the sum of $9,241.51. Verwin then, pursuant to A. R.S. § 12–1511 (Supp.1971–72) filed an application in superior court seeking confirmation of the award. Safety Control filed a pleading in opposition thereto, alleging that the arbitrator had exceeded his power, that the arbitrator would not accept testimony tending to show conduct of Verwin which caused financial damage to Safety Control, that Verwin was liable to Safety Control in an amount in excess of the award, and additionally, asserted a counterclaim against Verwin for its alleged breach of the joint venture agreement. Various discovery procedures followed and upon Verwin's motion to confirm the award, the superior court ordered that Verwin have judgment against Safety Control and Barr, the guarantor, in the amount of $9,241.51.

A.R.S. § 12–1511 (Supp.1971–72) requires the superior court to enter judgment upon the arbitrator's award unless opposition is made in accordance with A.R.S. § 12–1512 (Supp.1971–72) which provides for judicial refusal of confirmation upon an adequate showing that:

"1. The award was procured by corruption, fraud or other undue means;

2. There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

3. The arbitrators exceeded their powers;

4. The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of § 12–1505, as to prejudice substantially the rights of a party. . . . "

The gravamen of appellants' complaint is that the arbitrator refused to admit testimony proferred by Safety Control. Section 30 of the Arbitration Rules provides in part that the arbitrators shall be the judge of the relevancy and materiality of the evidence offered. Commercial Arbitration Rules of the American Arbitration Association, as amended, effective June 1, 1964.

In response to an interrogatory, appellants admitted that they had made no offer of proof with respect to the rejected testimony. Appellee contends that the failure to make an offer as to what the evidence would be, precludes appellants from complaining of the arbitrator's refusal to hear the evidence. Dickens v. Luke, 2 S.W.2d 161 (Mo.1928). We do not pass upon the validity of appellee's contention in view of the absence of a record of the arbitration proceedings. We do, however, agree that appellants are foreclosed from attacking the conduct of the hearing.

As noted above, (footnote 1) the parties agreed that the American Arbitration Association rules would control settlement of disputes. Rules 28 and 30 thereof, in substance, require that both parties be afforded an opportunity to offer evidence. Assuming arguendo that appellants are correct in their position that the arbitrator failed to comply with these rules as to presentation of evidence, their objection in the confirmation proceeding was untimely in view of Rule 37 of the arbitration rules which they agreed would control:

"Any party who proceeds with the arbitration after knowledge that any provision or requirement of these Rules has not been complied with and who fails to state his objection thereto in writing, shall be deemed to have waived his right to object."

Appellants concede that no written objection was presented to the arbitrator as to the exclusion of evidence. We are

unable to attribute to the word "proceed," in the context of its usage, any meaning other than "continue." We believe that Rule 37, supra, serves a salutary purpose consonant with the fundamental principle of appellate review that the lower tribunal must be afforded an opportunity to remedy an error. Consequently, appellants had waived their objection as to the exclusion of evidence and the lower court properly declined to consider it.

Appellants further contend that the arbitration award was invalid since the arbitrator did not settle the entire controversy submitted to him. The superior court, upon motion to confirm, had no power to review the sufficiency of the evidence to sustain the award and there is no requirement that the arbitrator make findings or give reasons for his conclusion. Application of Downer Corp., 146 Cal. App.2d 708, 304 P.2d 756 (1956).

The arbitrator's decision that appellants pay Verwin a sum of money, that the joint venture agreement had been terminated, that all patent and other rights relative to T.A.S.K. belonged to Safety Control and that certain indebtednesses were to be borne by the respective parties was determinative of the matters submitted for decision. We therefore reject the claim of invalidity.

Appellants additionally complain of the fact that when it was brought to the attention of the trial court that appellee's corporate franchise had been suspended, the court granted a continuance to allow Verwin to present a certificate of revivor. Whether or not California's statutory ban of suits by suspended California corporations would bar suits in Arizona by such corporations is a question we need not answer here. Suffice it to say that the defect was cured and the California courts permit a corporation, on revivor of its corporate powers, to continue an action commenced during the period of suspension and not previously dismissed, even though its adversary pleaded suspension prior to the revivor. See A. E. Cook Co. v. K S

Racing Enterprises, 274 Cal.App.2d 499, 79 Cal.Rptr. 123 (1969); Schwartz v. Magyar House, Inc., 168 Cal.App.2d 182, 335 P.2d 487 (1959).

Since the appellants failed to establish a statutory ground for denial of confirmation, we find no error in the trial court's confirmation of the arbitrator's award.

Affirmed.

KRUCKER, C. J., and HOWARD, J., concur.