THOMAS E. CLEGG & others[1] *vs.* SCHOOL COMMITTEE OF BOSTON. June 12, 1975. The plaintiffs, suing in their own behalf and as representatives of the Assistant Principals Association, filed an application under G. L. c. 150C, § 10, inserted by St. 1959, c. 546, § 1, to confirm an arbitration award rendered pursuant to a collective bargaining agreement, and the defendant school committee filed a bill for a declaratory decree and for

---

[1] Philip Mathews and John Vozzella.

vacation of the award under § 11 of the same statute. A judge of the Superior Court denied the application to confirm without acting on the bill to vacate. This was error. When "grounds are urged for vacating . . . the award," § 10 requires that the court "proceed as provided in sections eleven and twelve." Under § 11 the judge either vacates the award or denies the application to vacate and then confirms the award. This means that the two proceedings must be consolidated and heard together. Cf. *Sheahan* v. *School Comm. of Worcester*, 359 Mass. 702, 711 (1971). The order appealed from is reversed and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

*James T. Grady* for the plaintiffs.

*Marilyn L. Sticklor*, Assistant Corporation Counsel, for the School Committee of Boston.