R. C. AUDETTE & SONS, INC.

v.

Leo LaROCHELLE and Adrienne
A. LaRochelle

v.

MAINE BONDING AND CASUALTY
COMPANY.

Supreme Judicial Court of Maine.

June 8, 1977.

Reef & Mooers by Stephen A. Johnson, Portland, for plaintiff.

Bernstein, Shur, Sawyer & Nelson by William W. Willard, Herbert H. Sawyer, Portland, for Leo and Adrienne LaRochelle.

Preti & Flaherty by Thomas A. Cox, Portland, for Maine Bonding and Casualty Co.

Glassman & Potter by Roderick H. Potter, Portland, for Foss Metal, Inc.

Murray, Plumb & Murray by Peter L. Murray, Portland, for Robert and William Armitage.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

ARCHIBALD, Justice.

The plaintiff has appealed, pursuant to § 5945 of The Uniform Arbitration Act, 14 M.R.S.A. §§ 5927 et sequi, from an order of the Superior Court confirming an arbitration award in favor of the defendants. Two issues are presented for review:

(1) The presiding Justice had no right to rule on defendants' motion to confirm the arbitration award while plaintiff's motion to "vacate, modify or correct" was pending.

(2) The presiding Justice erroneously denied plaintiff's motion to vacate, modify or correct the award.

We deny the appeal.

## FACTS

On March 26, 1974, the plaintiff instituted a civil action in the Superior Court against the defendants, seeking to recover certain sums allegedly due under a construction contract. The defendants answered, denying liability, counterclaiming for $40,000.00 and moving to have the case submitted to arbitration as required by the contract, which latter motion was granted. After lengthy hearings the arbitrators

made an award of $54,399.34 to the defendants.

As required by 14 M.R.S.A. § 5937, the defendants made application for an order confirming the arbitrators' award. Within the 90 day time limit prescribed by the Act, the plaintiff moved both to vacate (§ 5938) and to modify or correct the award (§ 5939).

On January 16, 1976, the presiding Justice conducted a hearing on the defendants' application and the plaintiff's motion and, on February 27, 1976, granted the defendants' application to confirm. On March 10, 1976, plaintiff's motion to vacate, modify or correct the arbitrators' award was denied.

## I

■ The plaintiff's first assignment of error relates to its claim that the Justice acted improperly in granting defendants' application to confirm *prior* to taking action on plaintiff's motion to vacate, modify or correct, thus arguing that reversible error flows from the *sequence* in which the rulings were made. Apparently, had the Justice first denied plaintiff's motion and then granted defendants' application, the plaintiff would have no reason to complain.

14 M.R.S.A. § 5937 provides:

"Upon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 5938 and 5939."

Section 5938, after specifying six underlying reasons for *vacating* an award, provides in subsection 4:

"If the application to vacate is denied and no motion to modify or correct the award is pending, the court shall confirm the award."

A party is also entitled, pursuant to 14 M.R.S.A. § 5939(1), to seek modification or correction of an award on the basis of three specific grounds. Section 5939(2) provides:

"If the application is granted, the court shall modify and correct the award so as to effect its intent and shall confirm the award as so modified and corrected. Otherwise, the court shall confirm the award as made."

The plaintiff maintains that these statutory provisions, when read together, demonstrate a legislative intent to require the court to decide applications to confirm and motions to vacate, modify or correct, in a particular time sequence.

We disagree.

The mandate of 14 M.R.S.A. § 5937 is that an arbitration award will be confirmed unless a timely motion to vacate, modify or correct is made. *See e. g., Safety Control, Inc. v. Verwin, Inc.*, 16 Ariz.App. 540, 494 P.2d 740, 742 (1972); *Kilby v. St. Paul Ins. Co.*, 29 Conn.Sup. 22, 269 A.2d 295, 298 (1970); *Bergeron v. Gassen*, 185 So.2d 106, 109 (La.App.1966). Upon the filing of such a motion, the court must consider it in light of the statutory grounds for vacating, modifying or correcting an award. *Cf. Clegg v. School Committee of Boston*, Mass., 330 N.E.2d 477, 478 (1975). Sections 5938 and 5939 establish a mechanism by which a party may oppose a motion to confirm by challenging the correctness of such an award. Nothing in either section supports the plaintiff's hypertechnical suggestion that by deciding one motion before the other the presiding Justice committed reversible error.

This case is easily distinguishable from *Clegg v. School Committee of Boston, supra*. In *Clegg* the Massachusetts Court held that the trial court committed error in denying the plaintiff's motion to confirm and then failing to dispose of defendant's motion to vacate. Here, the presiding Justice acted on both motions, and we can see no error in the fact that he granted defendants' application before he denied the plaintiff's motion. Since § 5939(1) specifies the basis upon which an award may be modified or corrected, and since § 5938(1) sets forth the reasons which must exist if an award is to be vacated, and since both the application and the motion were heard simultaneously, accepting the award *without alteration* is tantamount to a sub silentio denial of the plaintiff's motion.

**1228**

## II

The plaintiff also claims error in the denial of its motion to vacate, modify or correct the arbitrators' award. The motion submitted by the plaintiff was merely a paraphrasing of the statutory grounds for vacating, modifying or correcting an award and was completely lacking in specificity.[1] Furthermore, the record of the hearings which were conducted by the arbitrators was not provided to the Justice below nor is it included in the record before us. At the hearing the plaintiff was continually pressed to be more specific with respect to its allegations but was unable to cite any specific instances of error. The Justice's concern with the rather broad scope of the plaintiff's motion is exemplified by the following remark:

> "[I] am not sure that I have the right to consider those particular grounds at this particular time. In other words, I am very concerned whether a mere paraphrasing without specificity under 5939 is a viable motion. I am questioning whether this even raises an issue for me to consider. This is a very serious question in my mind. I do not think that you can simply say that there was an evident miscalculation of figures or an evident mistake in the description, or what have you, and that the arbitrators have awarded on a matter not submitted, and all of these things, in general allegations under the facts of this case without shooting with a rifle.
>
> I think you have to be specific. And your motion may fail within its own framework. This is what I am concerned about, very frankly."

■ It is almost universally held that a party who attacks the correctness of an arbitrator's award must assume the burden of demonstrating error. *See, e. g., Gaddis Mining Co. v. Continental Materials Corp.,* 196 F.Supp. 860, 867 (D.Wyo.1961); *City of Manitowoc v. Manitowoc Police Dept.,* 70 Wis.2d 1006, 236 N.W.2d 231, 239 (1975); *Kelliher Co. v. Town of Wakefield,* 346 Mass. 645, 195 N.E.2d 330, 332 (1964).

On facts approximating those now before us, the Pennsylvania Superior Court, in rejecting a motion to vacate an arbitrator's award, put it this way:

> "A reviewing court may not second-guess a fact-finder where, as here, there is no transcript of the testimony and the reviewing court thus has no means by which to weigh the sufficiency of the evidence or to change the factual findings made therefrom."

*Pein v. State Farm Mutual Auto Ins. Co.,* 241 Pa.Super. 283, 361 A.2d 348, 349 (1976). Such a result finds general support. *See Mork & Associates, Inc. v. Jackson,* 304 Minn. 394, 231 N.W.2d 303, 306 (1975); *Hochwalt v. Rosser,* 28 Ohio Misc. 253, 271 N.E.2d 325, 326 (1970).

Since R. C. Audette & Sons, Inc., produced no evidence at the Superior Court hearing which would serve as a basis for either vacating, modifying or correcting the arbitrator's award, the Justice below was not in error when he denied the motion.

The entry is:

Appeal denied.

All Justices concurring.

DUFRESNE, C. J., did not sit.

---

1. "1. The arbitrators exceeded their authority.
2. The matter was not one subject to arbitration.
3. There is an evident miscalculation and evident mistake in the award.

4. The award relates to a matter not submitted to the arbitrators.
5. The award is imperfect in a matter of form."