In the Matter of the Arbitration between Kenneth D. HAEKENKAMP, Respondent,

v.

ALLSTATE INSURANCE COMPANY, Appellant.

No. 47853.

Supreme Court of Minnesota.

March 17, 1978.

---

Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan and Jon L. Levy, Minneapolis, for appellant.

DeParcq, Anderson, Perl, Hunegs & Rudquist and Stephen S. Eckman, Minneapolis, for respondent.

Heard before KELLY, YETKA, and SCOTT, JJ., and considered and decided by the court en banc.

YETKA, Justice.

Appeal by Allstate Insurance Company from an order of the district court confirming an arbitration award, and from judgment entered May 20, 1977. The district court affirmed an arbitrator's award of $80,973.87 for injuries suffered by respondent in an automobile accident. We affirm.

On September 28, 1974, respondent was involved in an automobile accident with an unlicensed, uninsured motorist. Respondent filed a demand for arbitration on July 2, 1976, claiming $18,500 in damages for facial and back injuries. The parties stipulated that $100,000 in uninsured motorist coverage was available. The matter was scheduled for a hearing before a single arbitrator on October 7, 1976.

On October 6, 1976, respondent apparently received a report from his physician concerning an examination made 2 days earlier. The report mentioned a condition called "post-traumatic neurosis" for the first time. That evening, the day before the hearing, a copy of the report was sent to appellant's attorney's office. At the commencement of the hearing, respondent's attorney made an oral motion to amend the claim to $100,000 for permanent psychological injury. The arbitrator orally overruled appellant's objections to the motion and the hearing proceeded. It does not appear that appellant made a motion to continue the hearing or a motion to increase the arbitration panel at that time.

At the same time as the respondent's motion was granted, appellant was granted leave to obtain an adverse medical examination. The time allowed was 2 weeks. On October 16, 1976, respondent formally moved to amend his claim by letter to the

American Arbitration Association (hereafter Association). On October 19, 1976, the adverse medical report was obtained. The examining physician found some traumatic neurosis, but no permanent or significant impairment.

On October 20, 1976, appellant formally objected to the amendment by letter to the Association. It claimed that the Association rules provided for a panel of three arbitrators in all claims over $25,000; that the time allowed for the adverse medical examination was restrictive to the prejudice of Allstate; and that no evidence of permanent injury was presented. On November 16, 1976, the arbitrator awarded respondent $80,973.87. No findings of fact were made.[1]

On January 15, 1977, appellant served a notice of hearing and a petition to take depositions of certain Association personnel pursuant to Rule 27, Rules of Civil Procedure.[2] The motion was denied February 7, 1977. On February 9, 1977, appellant filed and served petition to vacate, modify, or correct the arbitrator's award. This petition, which was never noticed formally for a hearing, essentially raised two issues: the amendment of the claim entitling appellant to a panel of three arbitrators and the excessiveness of the award.

On March 10, 1977, respondent filed a motion for confirmation of the award, and on April 20, 1977, appellant made another motion to depose certain Association personnel. A hearing was held April 21, 1977, and on April 27, 1977, an order was issued confirming the award.

The issues presented on appeal are:

(1) Did the district court improperly order the arbitration award confirmed where the losing party filed and served a petition to vacate the award but did not notice the petition for hearing?

(2) Did the arbitrator exceed his authority by allowing an amendment of the claim and by refusing to convene a three arbitrator panel?

■ 1. Appellant argues that the district court was in error in failing to hear its petition to vacate the award prior to issuing its confirmation order. Respondent argues that the motion was not properly before the district court and, in any case, the district court properly decided the issue involved in the petition.

The arbitrator's award was confirmed pursuant to Minn.St. 572.18, which provides:

"Upon application of a party, the court shall confirm an award, *unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 572.19 and 572.20.*" (Italics supplied.)

The time limit imposed by Minn.St. 572.19 and 572.20 is 90 days after delivery of a copy of the award. Assuming that the award could not have been delivered before November 16, 1976, the petition filed by appellant on February 9, 1977, was filed within 90 days. However, respondent claims that the petition filed by appellant was ineffective to invoke the jurisdiction of the district court in a timely manner. Respondent relies upon Minn.St. 572.23, which provides:

"Except as otherwise provided, an application to the court under this chapter shall be *by motion and shall be heard in the manner and upon the notice provided by law or rule of court for the making and hearing of motions.* Unless the parties have agreed otherwise, notice of an initial application for an order shall be

---

1. Apparently the rules of the Association do not require an arbitrator to make specific findings of fact. *United States Fidelity and Guaranty Ins. Co. v. Fruchtman,* Minn., 263 N.W.2d 66 (1978). See, also, *Safety Control, Inc. v. Verwin, Inc.,* 16 Ariz.App. 540, 494 P.2d 740 (1972); *Trustees of Boston & Maine Corp. v. Massachusetts Bay Transp. Auth.,* 363 Mass. 386, 294 N.E.2d 340 (1973).

2. Appellant attempted to procure a letter from the Association which interpreted the arbitration rules in accordance with its demand for three arbitrators. When the Association refused, appellant attempted to use Rule 27 which provides for depositions to perpetuate testimony prior to institution of a suit.

served in the manner provided by law for the service of a summons in an action." (Italics supplied.)

He argues that a petition filed with no notice of hearing is improper in form and is ineffective for the purpose sought. Appellant urges that its failure to notice the petition for hearing was explicable because it had received no ruling on its motion to depose the Association personnel.

The filing of a petition with the district court by appellant without setting a prompt hearing date opens the entire judicial process to manipulation and abuse and the practice is to be condemned. However, there is no showing respondent was prejudiced in any way in this case since he immediately filed his motion to confirm the arbitration award and had it promptly heard.

From the contents of the court's order and memorandum and the facts brought out at oral argument, it is clear to us that the district court considered the merits of appellant's claim and concluded that the arbitrator did not exceed his authority by denying a three-arbitrator panel and by allowing an increase in the prayer for relief.

2. Section 8 of the Accident Claims Arbitration Rules of the American Arbitration Association provides:

"Designation of Arbitrators: Cases involving claims in excess of the minimum available in the jurisdiction because of multiple policies or because of optional additional coverage, shall be heard by a panel of three arbitrators, unless local law provides otherwise."

■ It would appear appellant is not on firm ground in this appeal because the Association rules are unclear. If, in fact, it wanted a panel of three arbitrators rather than only one, it should have made that request prior to the initial hearing date, for the statutes in effect at the time of the accident required a Minnesota policy limit of liability of only $10,000, not the $25,000 appellant maintains should be the limit for a single arbitrator. The arbitrator could reasonably have found that appellant had waived its right to a three-arbitrator panel by failing to claim it earlier. The district

court further pointed out that the "rule" requiring three arbitrators for claims in excess of $25,000 was not considered important enough to be written down.

Appellant was not prejudiced by the allowance of the amendment of the award. The arbitrator allowed adequate time to secure an adverse medical examination. His decision was not rendered until sometime after the report was received.

■ Previous decisions of this court make it clear that an arbitrator is permitted to interpret the rules under which his decision is being made. A court of law should not interfere with such an interpretation absent evidence that the arbitrator clearly exceeded his authority. No such showing appears here. *State v. Berthiaume,* Minn., 259 N.W.2d 904 (1977); *Dunshee v. State Farm Mutual Auto. Ins. Co.,* 303 Minn. 473, 228 N.W.2d 567 (1975).

The trial court in its memorandum accompanying its order approving the arbitration award stated:

"The Minnesota Supreme Court has recently stated its firm support for the arbitration process generally, and for the right of the arbitrator to decide the disputes of the parties before him with minimal judicial intervention once arbitration has begun. *Dunshee v. State Farm Mutual Auto. Insurance Company,* 303 Minn. 473 [228 N.W.2d 567] (1975). Arbitration will not accomplish any saving of judicial resources if the arbitrator's actions are to be subject to constant judicial scrutiny. The Court is reluctant to modify the economics achieved by arbitration unless the arbitrator has clearly exceeded or abused his power.

"The arbitrator's determination to proceed with this matter after objection appears to have been an exercise of discretion of the type contemplated by and approved by the Supreme Court in *Dunshee, supra.*

"In this case the Court is presented with an objection based on a policy apparently regarded as sufficiently insignificant to the arbitration process that it has

not been memorialized. The AAA itself apparently regards the allegation that it is insignificant [sic] as unfounded, as it resists defendant's motion to depose its personnel regarding this 'unwritten rule'.

"Defendants were given as much time as they deemed necessary and reasonable to augment their defense after plaintiff's amendment was granted. An adverse medical examination was performed. This examination confirmed the findings of the plaintiff's physician who first noted the accident-related mental disorder. In light of these facts, it is difficult to give credence to defendant's claim that a different result would have been reached had three arbitrators heard his matter instead of one, and that the arbitrator originally selected by the parties was partial." [3]

We concur in the reasoning in the above quoted language of the trial court and adopt it as a part of this opinion.

Affirmed.

---

**3.** Although this case was decided by the district court prior to our decision in *State v. Berthiaume,* Minn., 259 N.W.2d 904 (1977), the trial court's memorandum indicates that he made an independent finding that the arbitrator was acting within the scope of his authority.