728 P.2d 288

James J. HEMBREE and Patricia M. Hembree, husband and wife, Plaintiffs/Appellees/Cross-Appellants,

v.

BROADWAY REALTY & TRUST COMPANY, INC., an Arizona corporation and the Estate of Phillip Wise and Blanche Wise, Defendants/Appellants/Cross-Appellees.

No. 2 CA–CIV 5594.

Court of Appeals of Arizona, Division 2, Department A.

May 22, 1986.

Review Denied Nov. 12, 1986.

Talmadge & Greenberg, P.C. by Jeffrey H. Greenberg, Tucson, for plaintiffs/appellees/cross-appellants.

Waterfall, Economidis, Hanshaw & Villamana, P.C. by James W. Stuehringer and Bruce L. Skolnik, Tucson, for defendants/appellants/cross-appellees.

OPINION

HATHAWAY, Chief Judge.

Appellants challenge the superior court's confirmation of the arbitrator's award, arguing that the arbitrator exceeded his powers and misapplied the law. We agree with the superior court and affirm.

Appellants sold appellees a home. At the time of appellees' purchase, they executed a purchase contract and receipt which provided as follows:

"Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration in the city of contract origin, in accordance

with the rules of the American Arbitration Association."

Subsequent to the sale, appellees found that the home had a defective roof. They sought arbitration and their claim came before an arbitrator who ultimately found for appellees on the theory of implied warranty.

Appellants raise two issues on appeal: (1) the arbitrator acted beyond the scope of his authority by ruling for appellees on an implied warranty theory, and (2) the law of implied warranty does not apply to appellants.

## I. SCOPE OF AUTHORITY

██ Pursuant to A.R.S. § 12–1512(A)(3), the superior court will not confirm an arbitrator's award if the arbitrator exceeded his authority. An arbitrator's powers are defined by the agreement of the parties. *Smitty's Super-Valu, Inc. v. Pasqualetti*, 22 Ariz.App. 178, 525 P.2d 309 (1974). The contract between appellees and appellants states that arbitration will be available for any controversy or claim "arising out of or *relating to this contract.*" (Emphasis added) Implied warranties do not arise from any agreement in fact of the parties and arise, to that extent, independently of and on principles foreign to the actual contract. *Markovich v. McKesson & Robbins, Inc.*, 106 Ohio App. 265, 149 N.E.2d 181 (1958). But once an implied warranty comes into existence by reason of the circumstances of the sale, the law conceives such a warranty as being a term of the contract. *Gates Rubber Co., Sales Division, Inc. v. Wood*, 374 S.W.2d 785 (Tex.Civ.App.1964). Appellants argue that appellees' implied warranty claim does not arise out of or relate to "this contract." The gist of appellant's argument is that implied warranty can only apply to the sale of a home by a builder/vendor, and since appellant is a developer/vendor, the arbitration clause does not encompass this breach of implied warranty allegation. Appellants' argument, however, is legal rather than jurisdictional. The dispute between these parties relates to the sale of the home and the allegedly defective roof. In their lawsuit, appellees alleged a number of theories including implied warranty. Whether or not that theory was viable under these circumstances was a legal question for the arbitrator. The dispute, however, clearly arose out of and related to this contract for the sale of a home. Therefore, we find the arbitrator was within his authority in addressing the implied warranty claim.

## II. MISTAKE OF LAW

██ As stated above, appellants argue that parties who are not builders may not be held liable for breach of an implied warranty of habitability. It is settled case law that upon application to confirm an arbitration award, the superior court may not inquire as to whether errors of law were made by the arbitrator in reaching his decision. The power of this court is likewise severely circumscribed. *Verdex Steel and Construction Company v. Board of Supervisors, Maricopa County*, 19 Ariz. App. 547, 509 P.2d 240 (1973); *Safety Control, Inc. v. Verwin, Inc.*, 16 Ariz.App. 540, 494 P.2d 740 (1972); *Park Imperial, Inc. v. E.L. Farmer Construction Company, Inc.* 9 Ariz.App. 511, 454 P.2d 181 (1969). Therefore this court may not review whether or not the arbitrator was correct in his application of the law. We affirm and uphold the award.

## III. ATTORNEY'S FEES

██ Appellees have requested additional attorney's fees pursuant to Rule 25, Rules of Civil Appellate Procedure, 17A A.R.S. Because there was a legitimate dispute as to whether the arbitrator exceeded the scope of his authority, we do not impose penalties under Rule 25. We do award appellees their attorney's fees and costs on appeal pursuant to Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S.

HOWARD, P.J., and FERNANDEZ, J., concur.