## AUGUSTA UNIFORMED FIREFIGHTERS ASSOCIATION, LOCAL 1650, I.A.F.F., AFL–CIO–CLC

v.

## CITY OF AUGUSTA.

Supreme Judicial Court of Maine.

Argued Nov. 18, 1991.

Decided Dec. 23, 1991.

John J. Finn (orally), Yarmouth, for plaintiff.

Charles E. Moreshead (orally), Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

The plaintiff, Augusta Uniformed Firefighters Association, Local 1650, I.A.F.F., AFL–CIO–CLC (Union), appeals from the judgment of the Superior Court (Kennebec County, *Chandler, J.*) denying the Union's motion to vacate an arbitrator's award that denied the grievance of firefighter Kendall Buck who was discharged by the City of Augusta (City). We find no merit in the Union's contention that the trial court erred in denying its motion to vacate the

award on the ground that the arbitrator exceeded his authority under the collective bargaining agreement and that the arbitration award violates public policy, and we affirm the judgment.

Kendall Buck's discharge was based on charges arising from an incident involving Buck and three Augusta police officers. One evening, while off-duty, these four city employees went to the state fish hatchery in Augusta. The next morning hatchery employees found the hatchery door open. One of the drain plugs had been pulled and approximately 400 fish were dead. The damage was estimated at approximately $64,000. The incident was investigated by the Augusta Police Department and the State of Maine Department of Inland Fisheries and Wildlife. Buck admitted that while intoxicated he had gone to the hatchery with the three other men, and they had taken four fish. Buck claimed that they had permission from the hatchery manager to be on the premises and to remove the four fish and denied that they were responsible for the death of the other fish. After an opportunity to meet with City representatives, Buck was dismissed from his employment as a firefighter.

■ The Union's grievance on Buck's termination was submitted to arbitration pursuant to the collective bargaining agreement between the Union and the City. The issues submitted to the arbitrator were whether the City had just cause to discharge Buck and, if so, what the sanction should be. At the arbitration hearing the City listed four charges against Buck, including the charge that his conduct in this matter was unbecoming to the department in violation of Rule 11 of the Fire Bureau Rules and Regulations. At the conclusion of an 11–day hearing, the arbitrator found that Buck had violated Rule 11 and was also guilty of all the other charges, that any one of said violations provided "just cause" for Buck's dismissal, that there was no reason to mitigate the sanction of dismissal imposed by the City and denied the grievance. After a hearing, the Superior Court denied the Union's motion to vacate the arbitration award, and the Union appeals.[1]

The Uniform Arbitration Act provides that the Superior Court "shall vacate an award" when the arbitrator exceeds his powers. 14 M.R.S.A. § 5938(1)(C) (1980). "Our review is limited to errors of law made by the Superior Court." *Granger Northern, Inc. v. Cianchette*, 572 A.2d 136, 138 (Me.1990); *Westbrook School Comm. v. Westbrook Teachers Ass'n*, 404 A.2d 204, 206 n. 3 (Me.1979).

■ The Union does not challenge, nor on this record can it, the finding by the arbitrator that Buck's conduct violated Rule 11 of the Fire Bureau Rules and Regulations and that violation justified his dismissal by the City. We find no merit in the Union's claim that the arbitrator exceeded his authority and violated public policy by the additional finding that Buck was guilty of other charges which also would justify his dismissal. The Superior Court properly denied the Union's motion to vacate the arbitrator's award.

The entry is:

Judgment affirmed.

All concurring.

---

1. We note that the court, as a procedural matter, should have confirmed the arbitration award and not simply denied the Union's motion to vacate. *See* 14 M.R.S.A. § 5938(4) (1980). However, we find the failure to confirm the award after denying the motion to vacate is not reversible error. *Cf. R.C. Audette & Sons, Inc. v. LaRochelle*, 373 A.2d 1226, 1227 (Me.1977) (no error for failure to deny motion to vacate before confirming arbitrators' award because confirmation is tantamount to a sub silentio denial of the motion).